UNITED STATES of America, Appellee,

v.

Edwin R. BREAUX, Appellant.

No. 71-1296.

United States Court of Appeals, Ninth Circuit.

Nov. 5, 1971.

Rehearing Denied Jan. 5, 1972.

Jerome Fishkin (argued), San Francisco, Cal., for appellant.

William B. Shubb, Asst. U. S. Atty. (argued), Dwayne Keyes, U. S. Atty., Sacramento, Cal., for appellee.

Before BARNES and KILKENNY, Circuit Judges, and McNICHOLS, District Judge.*

PER CURIAM:

Appellant was convicted, following a jury trial, of violation of 18 U.S.C. § 2113 (a) and (d) (armed bank robbery). We affirm.

The sole meritorious issue raised by this appeal involves the admission of evidence of eye witness identification. On the morning set for trial, defense counsel moved to suppress evidence of identification by certain eye witnesses on the ground that such identification was tainted by a line-up alleged to have been illegally conducted.

The very experienced trial judge thereupon conducted a full hearing outside of the presence of the jury. Each of the six witnesses participating in the line-up was thoroughly examined as to the basis of the proposed in-court identification (the hearing consumed some 230 pages of the reporter's transcript). Four of the six witnesses testified that their present in-court identification was made wholly independent of the line-up. The court found, by what it termed "clear and convincing evidence", that the identification of each of these four witnesses had an "independent origin" and was not tainted by the line-up. The other two witnesses were less positive in their testimony and the court excluded evidence of identification by them.

The procedure followed by the district court comports with the ground rules established for such situations by the United States Supreme Court. United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967). We have examined the record made below and find that the determination made by the court is fully supported by the testimony adduced.

In view of the manner in which the motion to suppress was treated, the other errors relied on by appellant are without substance and require no discussion.