**Frank MOORE, Petitioner-Appellant,**

v.

**Frank A. EYMAN, Warden, Respondent-Appellee.**

**No. 71-2847.**

United States Court of Appeals,
Ninth Circuit.

July 13, 1972.

Edward C. Rapp (argued), of Tupper, Rapp, Salcito & Schlosser, Phoenix, Ariz., for petitioner-appellant.

William P. Dixon, Deputy Atty. Gen. (argued), Roderic A. Dietz, Gary K. Nelson, Atty. Gen., Phoenix, Ariz., for respondent-appellee.

Before MERRILL, ELY and TRASK, Circuit Judges.

PER CURIAM:

Appellant, an Arizona state prisoner, seeks release by writ of habeas corpus. He contends that his conviction was based on identification by an eyewitness who had picked him out of a line-up and had so testified; that appellant had requested and been denied counsel at the time of the line-up. He relies on United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967) and Gilbert v. California, 388 U.S. 263, 87 S.Ct. 1951, 18 L.Ed.2d 1178 (1967).

The line-up, however, was prior to indictment (or other initiation of adversary judicial proceeding) and right to counsel had not attached. Kirby v. Illi-

nois, 406 U.S. 682, 92 S.Ct. 1877, 32 L. Ed.2d 411 (1972).

■■ Further, findings of the District Court after a full evidentiary hearing render *Wade* and *Gilbert* inapplicable. The court found that the in-court identification was completely independent of the line-up identification. United States v. Wade, 388 U.S. 218, 240–241, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967). *See also,* United States v. Breaux, 450 F. 2d 948 (9th Cir. 1971). This finding was not clearly erroneous. Indeed, it was overwhelmingly supported by the record. Any testimonial reference to the line-up at the time of trial was harmless beyond a reasonable doubt. Gilbert v. California, 388 U.S. 263, 272–274, 87 S.Ct. 1951, 18 L.Ed.2d 1178 (1967).

Affirmed.