[No. 572-3.    Division Three.    April 23, 1973.]

THE STATE OF WASHINGTON, *Respondent*, v. ERNEST MELVIN KNAPP, *Appellant*.

*Robert A. Kiesz* (of *Cone, Kiesz & Gaukroger*), for appellant.

*E. R. Whitmore, J., Prosecuting Attorney*, for respondent.

GREEN, C.J.—On January 4, 1972, defendant, Ernest Melvin Knapp, was charged by information with attempted robbery while in possession of a firearm. On February 7, 1972, he was convicted by a jury and now appeals that conviction.

Errors are assigned to the trial court's (1) refusal to suppress testimony of a preinformation lineup identification of the defendant, (2) allowance of an in-court identification of defendant, and (3) sentence of defendant to a state penal institution for 20 years.

On Christmas morning, 1971, defendant was arrested on a burglary charge. On December 26, after being advised of his constitutional rights, defendant was interviewed by two officers. This interview covered not only the burglary charge, but also defendant's potential involvement in an attempted robbery of the Kress Department Store in Wenatchee on December 21, 1971. On December 29, defendant was placed in a lineup and identified by three Kress store employees as the man who attempted to rob the store.

First, defendant contends the trial court erred in

refusing to suppress the December 29 lineup identification. It is argued that the pretrial lineup was illegal because it was conducted in the absence of counsel or a knowing, voluntary waiver thereof in violation of the sixth amendment to the United States Constitution. *United States v. Wade,* 388 U.S. 218, 18 L. Ed. 2d 1149, 87 S. Ct. 1926 (1967); *Gilbert v. California,* 388 U.S. 263, 18 L. Ed. 2d 1178, 87 S. Ct. 1951 (1967). While the evidence was disputed on this issue and resolved against the defendant, *Kirby v. Illinois,* 406 U.S. 682, 32 L. Ed. 2d 411, 92 S. Ct. 1877 (1972), disposes of the problem. In *Kirby,* the United States Supreme Court held that the right to counsel at a lineup provided for in *Wade* and *Gilbert* attaches only at or after the initiation of adversary criminal proceedings by way of formal charge, preliminary hearing, indictment, information or arraignment. Since no information had been filed against the defendant at the time of the lineup, his Sixth Amendment right to counsel had not attached under *Kirby* and the motion to suppress for lack of counsel was therefore properly denied. *Moore v. Eyman,* 464 F.2d 559 (9th Cir. 1972); *United States v. Bothwell,* 465 F.2d 217 (9th Cir. 1972).

Next, defendant contends that the preinformation lineup was impermissibly suggestive in nature and makeup because the other participants in the lineup were not closely similar in description to him and they were not similar to the description of the robber given by the witnesses to the police officers prior to his arrest. The defendant asserts the in-court identifications by the three witnesses were inadmissible because they were tainted by the illegal lineup. We disagree.

A lineup which is impermissibly suggestive in nature and conducive to irreparable mistaken identification deprives the suspect of due process of law and the in-court identification based upon the lineup is inadmissible in evidence. *Stovall v. Denno,* 388 U.S. 293, 18 L. Ed. 2d 1199, 87 S. Ct. 1967 (1967). After reviewing the record, we find

there is substantial evidence to support the trial court's determination that the lineup was conducted fairly. There was no testimony indicating that the preinformation lineup was so impermissibly suggestive as to give rise to a substantial likelihood of irreparable misidentification.

■ The defendant contends the court erred in sentencing him to 20 years under the provisions of RCW 9.95.010, rather than to 10 years under RCW 9.92.010. We disagree. This contention was resolved in *State v. Rose*, 7 Wn. App. 176, 187, 498 P.2d 897 (1972), when the court said:

> The 10-year maximum sentence, established by RCW 9.92.010, is applicable to those felonies for which "no *punishment* is specially prescribed by any statutory provision in force at the time of conviction and sentence." (Italics ours.) *Klapproth v. Squier*, 50 Wn.2d 675, 314 P.2d 430 (1957). The 20-year maximum sentence or any greater maximum up to and including life imprisonment, established by RCW 9.95.010, is applicable to those felonies for which "the law does not provide a *"maximum* term." (Italics ours.) *State v. Palmer*, 73 Wn.2d 462, 438 P.2d 876 (1968).

Since RCW 9.75.010, covering the crime of robbery, provides for a minimum term only, defendant was properly sentenced under RCW 9.95.010.

Judgment affirmed.

Munson and McInturff, JJ., concur.

Petition for rehearing denied May 30, 1973.

Review denied by Supreme Court July 24, 1973.