[No. 4570–6–III.   Division Three.   October 26, 1982.]

THE STATE OF WASHINGTON, *Respondent,* v. STEVEN LEONARD HASKINS, *Appellant.*

should not have deterred Sauve from arguing in his first appeal retroactive application of *Payton* to his case.

*Richard L. Cease* and *John T. Rodgers* of *Spokane County Public Defender Association, Lewis M. Wilson,* and *Wilson & Ireland,* for appellant.

*Donald C. Brockett, Prosecuting Attorney,* and *Al Gauper, Deputy,* for respondent.

McINTURFF, C.J.—Steven Haskins appeals his jury conviction of three counts of first degree robbery. He contends he was denied his constitutional right to presence of counsel at his lineup. We affirm.

The city of Spokane was experiencing a series of pharmacy robberies. They were similar in the method of operation, the specific drugs demanded, the robber's use of a plastic sack to carry the drugs, the use of a shotgun, the clothes worn by the robber, and his physical description.

Mr. Haskins was arrested on February 10, 1981, for the January 13, 1981, robbery of the Model Pharmacy. A lineup was scheduled at 3 p.m. on February 13, 1981. The public defender's office was given 2 days' advance notice of this lineup. Five minutes before the scheduled time, the prosecutor was informed that no one from the public defender's office was available to represent Mr. Haskins. The prosecutor, in an attempt to salvage the lineup, arranged for a private attorney, Neal Reilly, who happened to be at the

courthouse, to witness the lineup and to observe whether there were any problems regarding unfairness or suggestiveness.[1] The lineup proceeded as scheduled. Photographs of the lineup were admitted at trial.

The lineup was viewed by five witnesses. Two had been present at the Model Pharmacy robbery. The remaining witnesses were involved in other robberies then under investigation. Four of the five witnesses identified Mr. Haskins as the man who had robbed them. As a result of these identifications, Mr. Haskins was charged with two additional counts. These charges were for the November 3, 1980, robbery of the Shadle Pharmacy and the December 2, 1980, robbery of The Apothecary.

Defense counsel unsuccessfully moved to suppress the lineup identification and any in–court identification which could not be shown to be untainted by the lineup. He argued the absence of Mr. Haskins' court–appointed attorney denied him his constitutional right to effective assistance of counsel. Mr. Haskins contends the failure to suppress this evidence was reversible error.

An accused is entitled to the assistance of counsel at post–indictment lineups. *United States v. Wade,* 388 U.S. 218, 18 L. Ed. 2d 1149, 87 S. Ct. 1926 (1967);[2] *Gilbert v.*

---

[1] In an affidavit, Mr. Reilly stated:

"That on February 13, 1981 while in the Superior Court Clerk's office in the Spokane County Courthouse, he was approached by [the] Deputy Prosecuting Attorney . . . and asked to appear as an impartial witness to a police lineup to be held immediately in the adjoining jail.

"That he did not consider himself as counsel for defendant, Haskins, nor was he appointed by the Court to represent defendant, nor did he confer with defendant at any time prior to or after the lineup; that he did not know that counsel had already been appointed.

"That he witnessed the lineup, that he never witnessed a lineup in the past, . . ."

[2] The use of substitute counsel was raised and left unanswered by the Supreme Court in *Wade,* 388 U.S. at 237:

Moreover, we leave open the question whether the presence of substitute counsel might not suffice where notification and presence of the suspect's own counsel would result in prejudicial delay.[27]

*California,* 388 U.S. 263, 18 L. Ed. 2d 1178, 87 S. Ct. 1951 (1967).

The right to counsel at a lineup attaches only at or after the initiation of judicial proceedings. *Moore v. Illinois,* 434 U.S. 220, 227, 54 L. Ed. 2d 424, 98 S. Ct. 458 (1977); *Kirby v. Illinois,* 406 U.S. 682, 689, 32 L. Ed. 2d 411, 92 S. Ct. 1877 (1972). This right does not attach until charges have been formally filed. *State v. Lewis,* 19 Wn. App. 35, 46, 573 P.2d 1347 (1978); *State v. Knapp,* 8 Wn. App. 825, 827, 509 P.2d 410 (1973).

■ Was Mr. Haskins denied his right to counsel at the lineup? The presence of counsel at a lineup enables defense counsel to effectively cross–examine the lineup witnesses and to accurately reconstruct the lineup. *Stovall v. Denno,* 388 U.S. 293, 298, 18 L. Ed. 2d 1199, 1204, 87 S. Ct. 1967 (1967); *Wade,* 388 U.S. at 232. We recognize Mr. Haskins' court appointed attorney may have been better able to cross–examine witnesses to the lineup had he attended it. However, we also recognize that Mr. Reilly, as a member of the bar, is held to certain standards of conduct and is presumed to be competent. *State v. Piche,* 71 Wn.2d 583, 591, 430 P.2d 522 (1967); *see also State v. Griffin,* 205 Kan. 370, 469 P.2d 417 (1970); *Wilson v. Gaffney,* 454 F.2d 142 (10th Cir. 1972). Mr. Reilly was available for consultation and could have been called as a trial witness. Also, the record is void of any suggestion of any unfairness which may have occurred at the lineup.

The danger of not being able to reconstruct the lineup was effectively eliminated by the police when they photographed it. A review of these photographs fails to disclose any apparent unfairness or suggestiveness in the selection or presentation of the lineup participants.[3] We are satisfied

---

[27]Although the right to counsel usually means a right to the suspect's own counsel, provision for substitute counsel may be justified on the ground that the substitute counsel's presence may eliminate the hazards which render the lineup a critical stage for the presence of the suspect's *own* counsel.

[3]See copy of photograph of lineup at end of this opinion.

that the lineup was conducted in a fair and professional manner.[4]

We do not encourage the practice of using private attorneys, unassociated with the case, as substitute counsel to witness a lineup. The ideal situation is for the accused's own attorney to be present as the silent observer of the proceedings. However, the reasons behind the rule of requiring counsel at a lineup have been met. After reviewing the entire record and considering the totality of the circumstances, we hold that Mr. Haskins' constitutional rights were not violated.

The judgment and conviction are affirmed.

GREEN and MUNSON, JJ., concur.

[4]Detective Robert Bailor testified regarding the lineup: "A They are all notified by telephone to be at the station at a certain time and date, which they were.

Prior to that, we contacted . . . the prosecutor's office and also, the public defender's office to advise them the lineup would be conducted two days hence. On the day of the lineup, as the parties came in, they were each given a sheet of instructions regarding the lineup to read. After the sheet was read, my partner took them into individual rooms where he again read the instructions to them, so they, both, had the opportunity to read the instructions and have them read to them. They were all told not to discuss the matter among themselves because part of this Model Pharmacy in Count III was a United States Post Office, and U.S. postal inspectors were present at the lineup. The lineup room is longer than it is wide. There is a wall that's on wheels. In the middle of the wall is a one–way mirror with a window shade. The people are brought in, one at a time, and told to say nothing, but to view the lineup. The window shade is raised and they do look at the parties, the people being viewed. It is extremely well lit. Those being viewed are asked to turn one–quarter; first, they start full face, then, quarter turn, quarter turn, quarter turn, back full face again. Then, a card is passed down the line and each one is asked to read off that card so the individual viewing the lineup can hear the suspect's voice and other voices. At the conclusion, they are asked to step over to the table and still say nothing, and indicate if they saw someone there that they could identify. There is a form to be marked. After the lineup, they are told to stand by in the interview room away from the lineup area."