[No. 2352-1.    Division One.    October 7, 1974.]

THE STATE OF WASHINGTON, *Respondent*, v. PHILLIP R. BRAUN et al., *Appellants*.

*Jack J. Ackerman* and *John A. Strait,* for appellants.

*Christopher T. Bayley, Prosecuting Attorney,* and *Philip Y. Killien, Deputy,* for respondent.

FARRIS, J.—On January 29, 1973, two men robbed a grocery store in Seattle. One of them brandished a knife described by the victim as a "kitchen knife, not too long, but a little longer than a paring knife." Phillip R. Braun was arrested outside of a halfway house for parolees, where he was then residing, within minutes after the robbery with unexplained currency in his possession. D. J. Johnson, a resident of the same halfway house, was arrested 2 days later. Both were convicted of robbery while armed with a deadly weapon. Both appealed the convictions and their appeals were consolidated.

Braun's appeal questions the sufficiency of the evidence upon which the jury found that he was armed with a deadly weapon. It is not disputed that his companion brandished the knife and that he had no apparent weapon on his person. Further, the knife was not produced for introduction into evidence at trial. Although an issue at trial, it is conceded that the trial court properly ruled that when one deadly weapon is involved in the commission of a

crime, more than one principal may be found to have been in possession of the deadly weapon. *See State v. Willis*, 5 Wn. App. 441, 443-44, 487 P.2d 648 (1971).

Braun now argues on appeal that his conviction for robbery while possessed of a deadly weapon was improper in that there was no evidence before the jury that the knife in question was 3 inches long as allegedly required by RCW 9.95.040. We considered and resolved that contention in *State v. Sorenson*, 6 Wn. App. 269, 492 P.2d 233 (1972). Our holding there applies here. Whether a knife with a blade of less than 3 inches is a deadly weapon is a question of fact for the jury.

The jury was instructed without exception on the issue:

> As used in these instructions, the term "deadly weapon" automatically includes any knife with a blade longer than three inches. Furthermore, the character of any implement as a deadly weapon is determined by its capacity to inflict death or injury, and its use as a deadly weapon by the surrounding circumstances, such as the intent and present ability of the user, and the degree of force used.
>
> You are further instructed that if you find a defendant guilty of the crime of robbery you may find that at the time of the commission of the robbery he was armed with a deadly weapon even though another participant in the robbery was in actual possession of the deadly weapon at the time of the robbery.

Instruction No. 13. The instruction, given without exception, became the law of the case. *Moore v. Mayfair Tavern, Inc.*, 75 Wn.2d 401, 451 P.2d 669 (1969). There is substantial evidence in the record to support the jury finding that Braun (through his principal) was so armed.

The judgment as to Braun is affirmed.

Johnson's appeal questions whether there was probable cause to make the arrest and whether the lineup was impermissibly suggestive.

The standard of probable cause was set forth in *State v. Gluck*, 83 Wn.2d 424, 426, 518 P.2d 703 (1974):

Probable cause exists where the facts and circumstances within the arresting officer's knowledge and of which he has reasonably trustworthy information are sufficient in themselves to warrant a man of reasonable caution in a belief that an offense has been or is being committed.

The record establishes that the standard was met. The victim identified Braun at a lineup and described his companion. He fixed the height of the companion at 5 feet 8 inches to 5 feet 10 inches when in fact Johnson's height is 6 feet; in all other respects his description fit the accused. The victim also described the dress of the accused. The officer inquired at the halfway house and after discussion was shown a picture of Johnson who at that time had been living at the house for 1 week. The officer was told that on the night of the offense Johnson had checked out of the house for 15 minutes and was wearing clothing which matched the victim's description. The check-out time coincided with the robbery. The distance between the house and the scene of the robbery is approximately 5 city blocks, making it possible for one to leave, complete the robbery, and return within 15 minutes' time.

In determining whether there is probable cause, the reviewing court must consider the total circumstances upon which the officer based his actions and determine whether those circumstances are sufficient in themselves to justify a "cautious or disinterested person" to believe that the party arrested committed the act. *State v. Bellows,* 72 Wn.2d 264, 266, 432 P.2d 654 (1967); *State v. McClung,* 66 Wn.2d 654, 659, 404 P.2d 460 (1965). The record satisfies us that the test was met. Johnson also argues, without conceding the sufficiency of the evidence, that the record contains information which, though relied upon by the arresting officer, was supplied by "unreliable informants" and thus cannot provide the basis for probable cause under the second prong of the *Aguilar* test. *See Aguilar v. Texas,* 378 U.S. 108, 12 L. Ed. 2d 723, 84 S. Ct. 1509 (1964). Though we recognize that under a different set of facts that argument may dictate a contrary result, we hold that the sources of

information in this case are sufficiently reliable to pass constitutional scrutiny and thus reject his argument.

None of the sources of information in the present case were "professional" informants. We have noted that

> courts draw a distinction between "professional" and "citizen" informers, relaxing somewhat the necessary showing of reliability as to the latter, *State v. Singleton,* 9 Wn. App. 327, 511 P.2d 1396 (1973), *United States v. Unger,* 469 F.2d 1283 (7th Cir. 1972), . . .

*State v. Chatmon,* 9 Wn. App. 741, 746, 515 P.2d 530 (1973). The posture of the citizen informant is such that before his or her information may support a finding of probable cause,

> the police must ascertain some information which would reasonably support an inference that the informant is telling the truth.

*State v. Chatmon, supra* at 746. Thus, even where the citizen informer is anonymous, if the information he or she supplies is *corroborated* by previously known or later ascertained facts, it may be used to establish probable cause. *See State v. McClung, supra* at 659-60. In *State v. Singleton,* 9 Wn. App. 327, 334, 511 P.2d 1396 (1973), the same reasoning was applied, but, because of factual variations, the result was different. There, an anonymous tip from a citizen informer was not corroborated by any other evidence. The court said:

> [T]he only information the officers had after they commenced the inventory search concerning the presence of cocaine was the police radio broadcast of an anonymous tip that there were narcotics in the key case of defendant's car. For the reasons stated, this anonymous tip was not enough to constitute probable cause.

The evidence from citizen informers in this case was properly considered. Not only were the citizens not cloaked in suspicious anonymity, their statements were corroborated by each other and by evidence not supplied by informers.

Lastly, Johnson argues that the post-arrest lineup in which he participated and at which he was identified by

the victim was "unnecessarily suggestive," as that standard was outlined in *Stovall v. Denno*, 388 U.S. 293, 302, 18 L. Ed. 2d 1199, 87 S. Ct. 1967 (1967).

■ As we stated in *State v. Knapp*, 8 Wn. App. 825, 827, 509 P.2d 410 (1973):

A lineup which is impermissibly suggestive in nature and conducive to irreparable mistaken identification deprives the suspect of due process of law and the in-court identification based upon the lineup is inadmissible in evidence. *Stovall v. Denno*, 388 U.S. 293, 18 L. Ed. 2d 1199, 87 S. Ct. 1967 (1967).

After reviewing the record, we find that the lineup in question was not so impermissibly suggestive that it gave rise to a substantial likelihood of irreparable misidentification.

Affirmed.

SWANSON, C.J., and WILLIAMS, J., concur.

Petition for rehearing denied November 21, 1974.

Review denied by Supreme Court January 22, 1975.