[No. 3391–1–III.   Division Three.   August 19, 1980.]

THE STATE OF WASHINGTON, *Respondent,* v. STANLEY MATLOCK, *Appellant.*

*W. Scott Lowry* and *Lowry & Braff,* for appellant.

*Norman G. Sauer, Prosecuting Attorney,* for respondent.

MUNSON, J.—Stanley Matlock appeals convictions of manufacturing and possessing a controlled substance. He contends (1) the search of his residence was invalid because the affidavit upon which the search warrant was based was insufficient to establish probable cause and (2) he was denied his right to a speedy trial under CrR 3.3.

The agreed report of proceedings reflects Mr. Matlock was arrested on these charges following a search of his residence in Orient on September 15, 1978, pursuant to a search warrant. He posted bail and was released. An information charging both violations was filed on September 18, 1978, and an arrest warrant issued. On October 9, when he and his lawyer appeared for arraignment, the Superior Court dismissed the charges without prejudice because the information was not verified.[1]

On October 20, the prosecutor refiled a verified information identical to the one previously dismissed, and on November 8 a summons (CrR 2.2(a)) based on the second information was filed. On November 13, Mr. Matlock and his lawyer again appeared for arraignment; he pleaded not guilty. The court set December 11 for an omnibus hearing and for hearing Mr. Matlock's motion to suppress evidence seized during the search. At that hearing, the court denied the suppression motion. Mr. Matlock's attorney then advised the court he believed his client's right to speedy trial would be violated if he was tried on January 11, 1979, as scheduled. The court denied Mr. Matlock's motion to

---

[1]Whether verification is necessary is not an issue here. However, the comment to CrR 2.1 states several statutes are superseded by that rule; one such statute, RCW 10.37.035, requires verification. CrR 2.1(b) requires an information to be signed by the prosecuting attorney; it does not mention verification.

dismiss for lack of speedy trial on January 8; on January 11 he was convicted.

The affidavit in support of the search warrant, signed by the prosecuting attorney, read:

That on or about the 14th day of September, 1978 Officer Ed Richart visited his sister who lives across the street from the above described residence of Stan Matlock. That he noticed some plants growing on the above described premises of Stan Matlock which appeared to be Marijuana, a Controlled Substance; That such plants were in plain view and were noticed when the informant took a walk around school property; that it has been reported that gatherings have occurred on the above described premises where participants smoked what was term [sic] by the participants as "roaches".

That the resident of the above described premises has on other occasions been reported to have sold Marijuana.

That Stan Matlock's two young children have admitted watering plants in the attic of the above described premises.

As Prosecuting Attorney in and for the County of Ferry and in my duties of Prosecuting Drug Violations, the above circumstances and reports relayed to me by Officer Gilbert Green[2] and Sheriff Michael Blackman, give me probable cause to believe that Stan Matlock is possessing, manufacturing and or growing Controlled Substances in and about the dwelling, out buildings, and curtilage of the above described premises.

There is nothing in the record to indicate any other facts or circumstances were related to the magistrate who issued the warrant.[3]

---

[2]The affidavit refers to an Officer Green; the clerk's papers refer to an Officer Geer. For the purposes of this opinion, we perceive these names refer to the same person.

[3]Both parties have acknowledged in their briefs that Officer Richart, upon whose observation the affidavit was in part based, is a Colville city police officer. The prosecutor also advises in his brief that Officer Geer is also a member of the Colville Police Department and that Sheriff Blackman is the sheriff of Ferry County. The prosecutor also explains that the reports referred to in the affidavit were tendered by Officer Geer and Sheriff Blackman. We take judicial notice that Colville is the county seat of Stevens County, which adjoins Ferry County on the east.

Mr. Matlock contends the affidavit in support of the warrant is insufficient because (1) it does not explain the background, skill, knowledge or training of Officer Richart; (2) it is based upon his unsupported conclusions, beliefs or suspicions; and (3) it does not sufficiently identify Officer Richart so as to establish his reliability.[4]

The question of whether probable cause justifies the issuance of the search warrant should not be viewed in a hypertechnical manner. *State v. Walcott,* 72 Wn.2d 959, 962, 435 P.2d 994 (1967). Considering all the facts and circumstances sworn to by the person seeking the warrant, the issuing magistrate must have good reason to believe criminal activity has occurred. *State v. Smith,* 93 Wn.2d 329, 352, 610 P.2d 869 (1980); *State v. Patterson,* 83 Wn.2d 49, 515 P.2d 496 (1973).

Generally, affidavits based upon observations of law officers are considered a reliable basis for the issuance of warrants. *United States v. Ventresca,* 380 U.S. 102, 13 L. Ed. 2d 684, 85 S. Ct. 741 (1965). Here, however, Mr. Matlock contends the affidavit so insufficiently identified Officer Richart as a police officer it cannot be deemed reliable. We disagree. The common sense inference to be drawn is that the person providing information is a police officer and not merely an officer of a corporation or an officer in the military as suggested by Mr. Matlock.

Notwithstanding the credibility or veracity which might be attached to Officer Richart's position, the fatal flaw in this affidavit is the lack of any information to support his claim the plants he saw were marijuana. *See Aguilar v. Texas,* 378 U.S. 108, 12 L. Ed. 2d 723, 84 S. Ct. 1509 (1964). Absent some showing that Officer Richart had

---

[4]Mr. Matlock also challenges the remainder of the affidavit apparently based on the reports of other officers. Those hearsay assertions are made without identifying their source or the credibility of the informants. They clearly cannot support the issuance of a search warrant, *Spinelli v. United States,* 393 U.S. 410, 21 L. Ed. 2d 637, 89 S. Ct. 584 (1969); *Aguilar v. Texas,* 378 U.S. 108, 12 L. Ed. 2d 723, 84 S. Ct. 1509 (1964); CrR 2.3(c). We address only that portion of the affidavit attributed to Officer Richart.

the necessary skill, training or experience to identify marijuana plants on sight, the affidavit was insufficient to establish probable cause for the issuance of a search warrant.[5] The affidavit is insufficient; seizure was improper. Therefore, the conviction must be reversed.

The suppression of evidence seized pursuant to the faulty warrant may effectively foreclose further prosecution; because the prosecutor may have evidence independent of the search, we address the speedy trial issue. At the time he was arrested, that rule provided the time period began to run from the date the information was filed. *State v. Striker,* 87 Wn.2d 870, 557 P.2d 847 (1976). However, effective November 17, 1978, the Supreme Court amended the rule to begin the time 10 days following defendant's arrest. 90 Wn.2d 1149–50 (1978).

The prosecutor contends Mr. Matlock was speedily tried under the former rule because the time between the dismissal of the first set of charges and arraignment on the second was excluded. We disagree. Under the former CrR 3.3(e)(4), only the time between the dismissal and *refiling* of the same charges was excluded. Therefore, Mr. Matlock was not tried until the 103rd day after he was held to answer, and these charges would have to be dismissed with prejudice.

---

[5]*See Johnson v. United States,* 333 U.S. 10, 13, 92 L. Ed. 436, 68 S. Ct. 367 (1948); *Taylor v. United States,* 286 U.S. 1, 76 L. Ed. 951, 52 S. Ct. 466, 467 (1932); *United States v. Pond,* 523 F.2d 210 (2d Cir. 1975), *cert. denied,* 423 U.S. 1058, 46 L. Ed. 2d 649, 96 S. Ct. 794 (1976); *United States v. Bowman,* 487 F.2d 1229 (10th Cir. 1973); *United States v. Barron,* 472 F.2d 1215 (9th Cir.), *cert. denied,* 413 U.S. 920, 37 L. Ed. 2d 1041, 93 S. Ct. 3063 (1973); *United States v. Anderson,* 401 F. Supp. 996 (E.D. Tenn. 1975); *State v. Smith, supra; State v. Helmka,* 86 Wn.2d 91, 93, 542 P.2d 115 (1975); *State v. Compton,* 13 Wn. App. 863, 538 P.2d 861 (1975); *Wimberly v. Superior Court,* 16 Cal. 3d 557, 547 P.2d 417, 128 Cal. Rptr. 641 (1976); *People v. Schulle,* 51 Cal. App. 3d 809, 124 Cal. Rptr. 585 (1975); *People v. Paris,* 48 Cal. App. 3d 766, 122 Cal. Rptr. 272 (1975); *People v. Davenport,* 19 Ill. App. 3d 426, 311 N.E.2d 751 (1974); *People v. Parisi,* 46 Mich. App. 322, 208 N.W.2d 70 (1973), *rev'd on other grounds,* 393 Mich. 31, 222 N.W.2d 757 (1974); *Patty v. Commonwealth,* 218 Va. 150, 235 S.E.2d 437 (1977), *cert. denied,* 434 U.S. 1010, 54 L. Ed. 2d 753, 98 S. Ct. 721 (1978).

■ But the rule was additionally amended on November 17, 1978, to exclude the time between dismissal and *arraignment* on the refiled charges. Thus, Mr. Matlock contends the amended rule should not apply. We disagree. In construing court rules we are guided by the application of the ordinary rules of statutory construction. *State v. McIntyre,* 92 Wn.2d 620, 600 P.2d 1009 (1979). Statutes which relate to practice, procedure or remedies and which do not affect a contractual or vested right or do not impose a penalty usually apply to pending causes of action. *Godfrey v. State,* 84 Wn.2d 959, 961, 530 P.2d 630 (1975). The superior court rules are procedural, *State v. Smith,* 84 Wn.2d 498, 501, 527 P.2d 674 (1974), and do not affect a vested right. As the court said in *Godfrey v. State, supra* at 963:

> A vested right, entitled to protection from legislation, must be something more than a *mere expectation* based upon an anticipated continuance of the existing law; *it must have become a title,* legal or equitable, *to the present or future enjoyment of property, a demand, or a legal exemption from a demand by another.*

*See State ex rel. Moore v. Houser,* 91 Wn.2d 269, 588 P.2d 219 (1978); *State v. Hall,* 18 Wn. App. 844, 573 P.2d 802 (1977).

CrR 1.3(b) supports our reasoning. That rule provides:

> (b) These rules apply to any proceedings in court then pending or thereafter commenced regardless of when the proceedings were commenced, except to the extent that in the opinion of the court, the former procedure should continue to be made applicable in a particular case in the interest of justice or because of infeasibility of application of the procedures of these rules.

We do not believe the interests of justice would be served by adhering to former procedure where the amendment was addressed to an existing rule. Cases concerned with application of case law or the adoption of a new rule are distinguishable. *See State v. Barton,* 93 Wn.2d 615, 611 P.2d 789 (1980), *aff'g State v. Barton,* 19 Wn. App. 322, 575 P.2d 730

(1978); *State v. Nelson,* 26 Wn. App. 612, 615, 613 P.2d 1204 (1980).

Therefore, the amended speedy trial rule applies; Mr. Matlock was tried on the 83rd day. The court did not err in denying Mr. Matlock's motion to dismiss for lack of a speedy trial.

Judgment of the Superior Court is reversed; the matter is remanded for further proceedings in accordance with this opinion.

GREEN, C.J., and McINTURFF, J., concur.