[No. 8114-1-III.   Division Three.   August 18, 1987.]

THE STATE OF WASHINGTON, *Respondent*, v. CHERYLE L. FRANKLIN, *Appellant*.

*Andrea Butaud,* for appellant.

*Donald W. Schacht, Prosecuting Attorney,* and *Mary A. Koch, Deputy,* for respondent.

THOMPSON, A.C.J.—Cheryle L. Franklin appeals the denial of her motion to suppress evidence as well as the judgment and sentence on her conviction for possession of marijuana with intent to deliver, RCW 69.50.401(a)(1)(ii). We reverse and dismiss.

Walla Walla City Police Officer M. J. Wood received a phone call from a "confidential" citizen advising him that Mrs. Franklin intended to bring one–half ounce of marijuana into the penitentiary during a visit with her husband scheduled for April 14, 1986. Based on the information

received, the police officer obtained a warrant to search Mrs. Franklin. When she arrived at the penitentiary, she was served with the warrant. After being informed she could not withhold consent to search in the face of the warrant, Mrs. Franklin turned over approximately 20 grams of marijuana in a balloon removed from her vaginal area. She was arrested and charged with one count of possession of marijuana with intent to deliver.

Defense counsel sought to suppress the evidence seized, contending the affidavit supporting the search warrant lacked a showing of the basis of information and credibility of an undisclosed citizen informant. The motion to suppress the evidence was denied and the same arguments regarding lack of probable cause are presented to this court on appeal.

In summary, Officer Wood stated in his affidavit in support of the search warrant that within the past 48 hours he had received information from a confidential citizen information who asked to remain anonymous for fear of retribution. The officer concluded the informant was an "upstanding citizen with no criminal record and whose only motive for supplying the police with . . . information is to thwart a crime . . ." The informant told the officer of a conversation with Mrs. Franklin that had occurred within the preceding 48 hours wherein Mrs. Franklin said she was going to bring one–half ounce of marijuana into the penitentiary during a visit with her husband which was scheduled for April 14, 1986. The informant said Mrs. Franklin drove a light blue hatchback car and described her as a large woman who had brought controlled substances into the penitentiary in the past, usually concealed between folds of her skin. Officer Wood further stated he had confirmed that Mrs. Franklin was due for a visit the afternoon of April 14.

When an informant's tip forms the basis for a search warrant, the affidavit in support of the warrant must establish the basis of information and credibility of the informant in order to evaluate the existence of probable

cause. *State v. Jackson,* 102 Wn.2d 432, 433, 688 P.2d 136 (1984); *see Spinelli v. United States,* 393 U.S. 410, 21 L. Ed. 2d 637, 89 S. Ct. 584 (1969); *Aguilar v. Texas,* 378 U.S. 108, 12 L. Ed. 2d 723, 84 S. Ct. 1509 (1964). The two prongs of the *Aguilar–Spinelli* test have an independent status and both are required to establish probable cause. *Jackson,* at 437. However, if the informant's tip fails under either or both of the prongs, probable cause may yet be established by independent police investigation that "corroborates the tip to such an extent that it supports the missing elements of the *Aguilar–Spinelli* test". *Jackson,* at 438. Independent investigations must point to "'"*probative indications of criminal activity . . .'*" *Jackson,* at 438 (quoting *United States v. Canieso,* 470 F.2d 1224, 1231 (2d Cir. 1972)). Innocuous details do not suffice to remedy a deficiency under either the basis of knowledge or the veracity prong. *Jackson,* at 438.

In *State v. Northness,* 20 Wn. App. 551, 555, 582 P.2d 546 (1978), the court outlined four general categories of informants:

Category 1: The informant remains wholly anonymous, even to the police.

Category 2: The informant's identity is known to the police, but not revealed to the magistrate. Different rules for establishing credibility must be applied, depending upon whether the informant is (1) a "criminal" or professional informant, or (2) a private citizen.

Category 3: The informant's identity (name and address) is disclosed to the magistrate.

Category 4: The situation described in *State v. Chatmon,* 9 Wn. App. 741, 515 P.2d 530 (1973) at page 748, footnote 4, as follows: "Where eyewitnesses to crime summon the police, and the exigencies are such (as in the case of violent crime and the imminent possibility of escape) that ascertainment of the identity and background of the informants would be unreasonable, the 'reliability' requirement might be further relaxed."

(Citation omitted.)

Unlike *Northness,* where an identified citizen informant's name and address were provided to the police officers and

the magistrate, the informant in the instant case appears to fall within category 2—identity known to the police but not revealed to the magistrate. Categorization is difficult, however, because of the limited record before us.

Although the necessary showing of reliability may be relaxed when a citizen informant furnishes information, that information must still support an inference that he or she is telling the truth and establish a basis of knowledge. *State v. Kennedy,* 107 Wn.2d 1, 8, 726 P.2d 445 (1986); *State v. Huft,* 106 Wn.2d 206, 211, 720 P.2d 838 (1986); *State v. Riley,* 34 Wn. App. 529, 533, 663 P.2d 145 (1983).

In attempting to establish veracity or credibility, the police officer gave his personal opinion that the informant was an upstanding citizen since the informant had no criminal record, was motivated by a desire to thwart crime, and requested anonymity because of fear of retribution. To establish credibility here, one must rely solely on the officer's conclusions. Other than the officer's statement the informant did not have a criminal record, no facts were given that an impartial magistrate could weigh to determine if the informant was credible. This generic recitation is not sufficient to raise the requisite inference the informant was telling the truth. *See State v. Wakeley,* 29 Wn. App. 238, 628 P.2d 835, *review denied,* 95 Wn.2d 1032 (1981); *State v. Chatmon,* 9 Wn. App. 741, 515 P.2d 530 (1973) (reliability of unidentified citizen informant required corroboration by a description of him, his purpose for being at the locus of the crime, and the reason for desiring anonymity). Although the ultimate search and arrest resulted in confirmation of the details provided in the affidavit, no showing was made *at the time the warrant issued* that independent police investigation had resulted in corroboration of the informant's veracity. The only corroboration consisted of confirmation the defendant was going to visit her husband at the prison on the noted date. These details were innocuous and were of no benefit in establishing credibility.

Moreover, we concur with *State v. Berlin,* 46 Wn. App.

587, 589–93, 731 P.2d 548 (1987) wherein the court, under a similar factual challenge to the citizen informants' veracity, ruled the standard satisfied based on the disclosure of names and addresses to the police, as well as express language in the affidavit that:

> Affiant has checked and found that the concerned citizens involved had no criminal background, came forward voluntarily, gave the appearance of being an honest citizen, and gave to affiant his or her name, phone number, and address to affiant but wishes to remain anonymous for fear of retaliation.

*Berlin,* at 591.

Like that in *Berlin,* our research indicates that no Washington case has found the veracity/credibility prong satisfied unless the citizen's identity was revealed to the magistrate. *See Berlin,* at 590; *State v. Stock,* 44 Wn. App. 467, 722 P.2d 1330 (1986); *State v. Sheldon,* 38 Wn. App. 195, 196, 684 P.2d 1350 (1984); *State v. Hauser,* 19 Wn. App. 506, 511 n.1, 576 P.2d 420, *review denied,* 90 Wn.2d 1022 (1978), *cert. denied,* 440 U.S. 960, 59 L. Ed. 2d 773, 99 S. Ct. 1503 (1979); *State v. Braun,* 11 Wn. App. 882, 886, 526 P.2d 1230 (1974). In fact, anonymity of a citizen informant may be one factor for finding *no showing of reliability. Berlin,* at 590 (citing *State v. Huft, supra* at 211).

Because the veracity of the informant was not adequately shown in the affidavit nor corroborated by police investigation, it is unnecessary to determine whether the second prong—basis of knowledge of the informant—was satisfied. The search warrant failed for lack of probable cause and the evidence should have been suppressed.

Reversed and dismissed.

MUNSON, J., concurs.

GREEN, J. (dissenting)—A magistrate's probable cause determination is entitled to great deference. *State v. Cord,* 103 Wn.2d 361, 366, 693 P.2d 81 (1985). The question of whether probable cause justifies the issuance of a search warrant should not be viewed in a hypertechnical manner.

*State v. Partin,* 88 Wn.2d 899, 904, 567 P.2d 1136 (1977); *State v. Matlock,* 27 Wn. App. 152, 155, 616 P.2d 684 (1980). Reasonableness is the key and common sense must be the ultimate yardstick. *State v. Patterson,* 83 Wn.2d 49, 52, 515 P.2d 496 (1973). Here, the majority ignores the fact that the informant revealed his/her identity to the police officer and the intrinsic indicia of reliability which such disclosure is accorded. Consequently, I dissent.

Generally, citizen informants are deemed presumptively reliable sources of information. *State v. Wakeley,* 29 Wn. App. 238, 628 P.2d 835, *review denied,* 95 Wn.2d 1032 (1981). As noted in *State v. Chatmon,* 9 Wn. App. 741, 748, 515 P.2d 530 (1973), relied upon by the majority:

> To establish the reliability of a citizen informant, and thus to fulfill the second prong of the *Aguilar* [*v. Texas,* 378 U.S. 108, 12 L. Ed. 2d 723, 84 S. Ct. 1509 (1964)] test, it is only necessary for the police to interview the informant and ascertain such background facts as would support a reasonable inference that he is "prudent" or credible, and without motive to falsify. *United States v. Harris,* [403 U.S. 573, 29 L. Ed. 2d 723, 91 S. Ct. 2075 (1971)]. In making this determination, the police may justifiably assume that the ordinary citizen who has seldom or never reported a crime to the police may, in fact, be more reliable than one who supplies information on a regular basis. *United States v. Harris, supra (see also* the dissenting opinion of Harlan, J., 403 U.S. at 599).

A greater indicia of reliability is accorded a citizen informant who discloses his identity than one who refuses to do so. *State v. Northness,* 20 Wn. App. 551, 556–57, 582 P.2d 546 (1978). The grounds for according greater weight to an identified citizen informant are threefold:

> (1) the report of an identified nonprofessional informant who is a victim or eyewitness of a crime substantially minimizes the danger of casual rumor or irresponsible conjecture which accompanies the report of an anonymous professional informant[,] (2) an identified citizen informant's report does not raise the spectre of the "anonymous troublemaker" which is always present in unidentified citizen informant situations[,] (3) an identi-

fied citizen informant's report is less likely to be colored by self–interest.

(Citations omitted.) *State v. Northness, supra* at 557.

The court in *Chatmon* distinguishes between a citizen informant who discloses his identity but requests anonymity from one who refuses to disclose his identity. It is only when the informant is *anonymous* that his reliability must be corroborated by a "description of him, his purpose for being at the locus of the crime, and the reason for his desire to remain anonymous." (Footnote omitted.) *Chatmon*, at 748. The majority incorrectly applies the rule in *Chatmon* with regard to *anonymous* informants to the identified citizen informant in this case. For the same reason, the majority incorrectly applies the rule in *State v. Huft,* 106 Wn.2d 206, 720 P.2d 838 (1986) that anonymity of a citizen informant may be one factor for finding no showing of reliability. *Huft* concerned "anonymous" informants, not, as here, a citizen informant whose identity was revealed to the officer but who requested anonymity.

I agree with the majority's concurrence with *State v. Berlin,* 46 Wn. App. 587, 731 P.2d 548 (1987) where the court found the disclosure of the citizen informants' identities to the police was sufficient to satisfy a finding of credibility. In fact, the affidavit in *Berlin* is similar to the affidavit here. The *Berlin* affidavit states:

> Affiant has checked and found that the concerned citizens involved had no criminal background, came forward voluntarily, gave the appearance of being an honest citizen, and gave to affiant his or her name, phone number, and address to affiant but wishes to remain anonymous for fear of retaliation.

*Berlin,* at 591. Here the affidavit similarly states:

> Within the past 48 hours I have received confidential information regarding the defendant from a confidential and reliable informant. The confidential informant has requested to remain anonymous because he/she fears physical, social and emotional retribution, if her identity

is known. It is also my experience that revealing the identities of the informants will hinder other citizens from disclosing confidential information to law enforcement officers.

I believe the informant to be credible and reliable because he/she is an upstanding citizen with no criminal record and whose only motive for supplying the police with the following information is to thwart a crime she/he has information will be attempted.

The only distinguishing feature of the two affidavits is that in *Berlin* the informants' addresses and phone numbers were given to the officer. I do not see this as a critical flaw. I would apply the reasoning in *Berlin* to the affidavit here:

Unlike *Chatmon* the informants have divulged their names and addresses to the police. Detective Whetstine checked their backgrounds and determined they had no criminal record. He also gave a legitimate reason why the citizens wished to remain anonymous.

*Berlin,* at 591. Thus, *Berlin* would uphold the magistrate's issuance of the warrant here.

Further, the court may consider information in the affidavits, other than just the informant's background, to determine whether the informant is reliable. In *State v. Riley,* 34 Wn. App. 529, 663 P.2d 145 (1983), relied upon by the majority, there were two identified citizen informants. The first informant indicated the defendant was in possession of a stolen computer. There was no other information in the affidavit concerning the credibility of that informant. The second informant indicated he had seen a computer in the defendant's residence. Additionally, the officer was aware a computer matching the second informant's description had been stolen. In determining whether the first informant was reliable, the court reviewed the entire affidavit, concluding the additional corroborating information provided by the second informant and the police officer supported his reliability. The court held the affidavit

was "intrinsically reliable and a reasonable inference could be drawn from it to establish probable cause." *Riley,* at 534. More recently, in *State v. Kennedy,* 107 Wn.2d 1, 726 P.2d 445 (1986), a search warrant was based upon two "tips", the first from a professional police informant alleging that the defendant, Kennedy, regularly went to Smith's residence to purchase marijuana and describing the defendant's vehicle. The second "tip" was based upon complaints from Smith's neighbors that there was heavy pedestrian traffic in and out of the house and the visitors stayed for only a few moments. The court found the two independent sources of information each provided support for the other's veracity. *Kennedy,* at 8.

Here, the affidavit reflects that 7 days before receiving the identified informant's tip, the penitentiary had informed this officer that the defendant, Mrs. Franklin, had reportedly smuggled controlled substances to her husband during a recent visit, but by the time the penitentiary received the information (11 days later), it could not confirm it. Although this information, standing alone, would not support the issuance of a warrant, it may nevertheless be considered in determining the reliability of the identified informant. *State v. Kennedy, supra; State v. Riley, supra.* This information supports the credibility of this informant. When viewed together with disclosure of the informant's identity, the fact this informant had no criminal history and the affidavit is specific and based upon the informant's firsthand knowledge, I would affirm the trial court's determination the warrant was properly issued. It is quality, not quantity, that establishes probable cause. *State v. Huft, supra* at 212. The affidavit must be accepted on its face and any doubts should be resolved in favor of the warrant. *State v. Fisher,* 96 Wn.2d 962, 964, 639 P.2d 743, *cert. denied,* 457 U.S. 1137 (1982); *State v. Partin, supra* at 904 (citing *United States v. Ventresca,* 380 U.S. 102, 13 L. Ed. 2d 684, 85 S. Ct. 741 (1965)). Given the deference which must be accorded a magistrate's determination of probable

cause, I would resolve the doubt, if any, in favor of the validity of the warrant and affirm.

Review denied by Supreme Court December 2, 1987.