[No. 13244-3-II.  Division Two.  June 26, 1991.]

THE STATE OF WASHINGTON, *Respondent,* v. FREDERICO IBARRA, *Appellant.*

*John A. Hays,* for appellant (appointed counsel for appeal).

*C.C. Bridgewater, Jr., Prosecuting Attorney,* for respondent.

ALEXANDER, J.—Frederico Ibarra appeals his conviction for possession of a controlled substance. He claims that the trial court erred in denying his motion to suppress evidence seized pursuant to an allegedly invalid search warrant. We reverse.

On April 10, 1989, Detective Brewer of the Cowlitz County Drug Task Force applied to the District Court for Cowlitz County for a warrant to search Ibarra's home. The affidavit that Brewer submitted to the magistrate was based on information supplied by an informant whose identity was made known to Brewer, but not to the magistrate. The affidavit read, in part, as follows:

> That during the past 72 hours affiant [Brewer] was contacted by a concerned citizen whom I will refer to as X. That during the past 72 hours X observed a quantity of cocaine in the residence at 107 Green Acres Way, Castle Rock, Washington. X stated that Frederico and Rhonda Ibarra live in the residence at 107 A Green Acres Way, Castle Rock, Washington.
>
> . . . .
> X is a concerned citizen who is reporting this information of his or her own free will. X feels this his or hers [*sic*] civic duty to report this information. X is not asking for any leniency in any pending prosecution. X is not receiving any monetary compensation for this information. X has never been arrested.
> X has never used cocaine before but knows what cocaine looks like. X has seen cocaine used before and knows the type of implements used to ingest cocaine into the system. X also knows what cocaine packaging for sale looks like.
> That affiant believes that the identity of X needs to remain a secret as the usefulness of X would cease immediately if his/her identity were revealed. In addition I have heard it said that persons who cooperate with the police would be harmed or otherwise injured if their identity were known.
> Affiant is willing to reveal the name of X to the magistrate to support the weight of the affidavit.

The magistrate issued the warrant. Upon its execution the police found some cocaine in Ibarra's home. Ibarra was

thereafter charged with possession of cocaine. He moved to suppress the cocaine evidence, contending that Brewer's affidavit did not furnish probable cause for the search. The trial court denied the motion. Ibarra was convicted of the charge on stipulated facts.

On appeal, Ibarra argues that, under article 1, § 7 of the Washington State Constitution, the search warrant fails to satisfy either the "veracity" or the "basis of knowledge" prong of the so–called *Aguilar–Spinelli* test for warrants issued upon information provided by confidential informants. *State v. Jackson,* 102 Wn.2d 432, 435, 668 P.2d 136 (1984).[1] For reasons stated hereafter, we agree with both contentions.

■ The validity of a search warrant rests on the existence of probable cause. *State v. Murray,* 110 Wn.2d 706, 711, 757 P.2d 487 (1988). It is well settled that when the existence of probable cause depends on an informant's tip, the affidavit in support of the warrant must establish the basis of the informant's information as well as the credibility of the informant. *Jackson,* 102 Wn.2d at 433; *see Spinelli v. United States,* 393 U.S. 410, 21 L. Ed. 2d 637, 89 S. Ct. 584 (1969); *Aguilar v. Texas,* 378 U.S. 108, 12 L. Ed. 2d 723, 84 S. Ct. 1509 (1964). The two prongs of the *Aguilar–Spinelli* test have independent status and both must be shown in order to establish probable cause. *Jackson,* 102 Wn.2d at 437; *State v. Maxwell,* 55 Wn. App. 446, 451, 778 P.2d 51 (1989).

### CREDIBILITY OF INFORMANT

Ibarra asserts that Brewer's affidavit does not satisfy the credibility prong of the *Aguilar–Spinelli* test. He contends that even if we assume that the informant is a citizen

---

[1]Our Supreme Court has rejected the "totality of the circumstances" approach adopted by the United States Supreme Court in *Illinois v. Gates,* 462 U.S. 213, 76 L. Ed. 2d 527, 103 S. Ct. 2317 (1983). Under article 1, section 7 of the Washington State Constitution, the right to be free from unreasonable governmental intrusions is still protected by the stricter showing of probable cause required under the 2–prong *Aguilar–Spinelli* test. *Jackson,* 102 Wn.2d at 443.

informant, the affidavit lacks sufficient specificity to establish the informant's veracity. *See State v. Northness,* 20 Wn. App. 551, 557, 582 P.2d 546 (1978).

Informants usually fall into four categories: (1) an informant who remains wholly anonymous, even to the police, (2) an informant whose identity is known to the police, but not revealed to the magistrate, (3) an informant whose identity (name and address) is disclosed to the magistrate, and (4) an eyewitness to a crime who summons the police and who is not identified because the exigencies are such that ascertaining the identity and background of the witness would be unreasonable. *Northness,* 20 Wn. App. at 555. Here, the informant falls into the second category and is referred to as a "confidential informant".

Different rules are applied for establishing the credibility of a confidential informant, depending on whether the informant is a professional informant or a private citizen. *State v. Franklin,* 49 Wn. App. 106, 108, 741 P.2d 83, *review denied,* 109 Wn.2d 1018 (1987). This is true, in part, because when a citizen informant supplies information to the police, it is unlikely that the police will be able to demonstrate the citizen's veracity by his or her "track record" for supplying information. *See Jackson,* 102 Wn.2d at 437. Additionally, when information is provided by an identified citizen informant, the danger that the information is merely a casual rumor or the product of an anonymous troublemaker is minimized, and the information is less likely to be colored by self-interest. *Northness,* 20 Wn. App. at 557. Consequently, the State's burden of demonstrating the identified citizen's credibility is generally relaxed. *Franklin,* 49 Wn. App. at 108. However, the concern that the information may be coming from an "anonymous troublemaker" remains when the citizen informant is unidentified. *Northness,* 20 Wn. App. at 557 (citing *United States v. Darensbourg,* 520 F.2d 985 (5th Cir. 1975)). Therefore, the State's burden of demonstrating the credibility of a citizen informant is not necessarily lightened when the informant remains unidentified to the magistrate. *See State v. Huft,*

106 Wn.2d 206, 211, 720 P.2d 838 (1986); *State v. Rodriguez,* 53 Wn. App. 571, 574–75, 769 P.2d 309 (1989); *State v. Northness, supra.*

Here, the informant remained unidentified to the magistrate. Consequently, the specter of the anonymous troublemaker is still present. *State v. Northness, supra.* Because this raises grave concerns of the informant's reliability, Washington cases have required heightened demonstrations of credibility for citizen informants whose identities were known to the police but not revealed to the magistrate. *Rodriguez,* 53 Wn. App. at 575–76. "In fact, anonymity of a citizen informant may be one factor for finding *no showing of reliability." Franklin,* 49 Wn. App. at 110, (citing *State v. Berlin,* 46 Wn. App. 587, 731 P.2d 548 (1987)).

Because suspicious circumstances greatly diminish the presumption of reliability of the informants, *Rodriguez,* 53 Wn. App. at 577, there must be enough additional information in the affidavit to support an inference that the unidentified or confidential informant is telling the truth. *Franklin,* 49 Wn. App. at 109; *State v. Chatmon,* 9 Wn. App. 741, 746, 515 P.2d 530 (1973). Suspicious circumstances can be overcome by information in the affidavit that demonstrates the informant is truly a citizen informant. *Rodriguez,* 53 Wn. App. at 576. For example, an anonymous or confidential informant's reliability can be corroborated by a description of the informant, and an explanation of his or her purpose for being at the scene of the crime and the desire for remaining anonymous. *See State v. Rodriguez, supra; State v. Mickle,* 53 Wn. App. 39, 765 P.2d 331 (1988); *State v. Franklin, supra; State v. Chatmon, supra.* This kind of information substantially decreases the possibility that the informant is an anonymous troublemaker, is somehow involved in the criminal activity, or is motivated by self–interest. *Rodriguez,* 53 Wn. App. at 576.

In this case, the information provided to the magistrate does not support a conclusion that the informant is credible. The affidavit contains only the sparse recitation that "X" is acting out of sense of civic duty, is not seeking any monetary compensation or leniency, and has never been arrested. Furthermore, the affidavit did not contain an explanation for the magistrate why the informant was at the crime scene. In fact, the lack of information in the affidavit raises the very suspicions that have been recognized as diminishing an informant's credibility. *See Northness,* 20 Wn. App. at 557.

Furthermore, there is nothing in Brewer's affidavit that discloses the informant's reasons for wishing to remain anonymous. The magistrate was only told by the officer that "X" would cease to be of value if his/her identity were revealed and that he has "heard it said that persons who cooperate with the police would be harmed or otherwise injured if their identity were known." The fact that "X" would cease to be of value raises questions about whether the informant is truly a citizen informant. Moreover, such a generic recitation of the officer's conclusions is not sufficient to raise the requisite inference that the informant had a valid reason for wishing to remain anonymous. *Franklin,* 49 Wn. App. at 109.

## BASIS OF KNOWLEDGE

Ibarra has also challenged the basis of the informant's knowledge. He contends that the affidavit does not sufficiently describe how the informant knew the substance was cocaine or how he or she came to know how cocaine is packaged or ingested. Again, we agree.

█ █ Although great deference is accorded the issuing magistrate's determination of probable cause, the affidavit must still inform the magistrate of the underlying circumstances that led the officer to conclude the informant

obtained the information in a reliable manner. *Jackson,* 102 Wn.2d at 436–37. In our opinion, the affidavit must show either (1) that the observer had the necessary skill, training or experience to identify the controlled substance, *State v. Wilke,* 55 Wn. App. 470, 476, 778 P.2d 1054 (1989); *State v. Matlock,* 27 Wn. App. 152, 155–56, 616 P.2d 684 (1980), (2) that the observer provided enough firsthand, factual information to an individual who possesses the necessary skill, training or experience to identify the controlled substance, *Berlin,* 46 Wn. App. at 592, or (3) that the observer provided enough firsthand factual information to the magistrate so that the magistrate could independently determine that the informant had a basis for the allegation that a crime had been committed. *State v. Lair,* 95 Wn.2d 706, 709, 630 P.2d 427 (1981); *State v. Riley,* 34 Wn. App. 529, 532, 663 P.2d 145 (1983). In short, the affidavit must contain more than the informant's personal belief that what he or she observed was a controlled substance; it must also set forth the underlying facts upon which the belief was premised. *State v. Matlock, supra.*

Here, the affidavit does not set forth the informant's skill, training or expertise that enabled him or her to conclude that what was observed was cocaine. Although Brewer's affidavit contains self-serving statements that the informant knows what cocaine and the type of implements used to ingest it look like, it does not indicate how the informant gained this knowledge. In addition, the affidavit supplied no factual, underlying information to support an independent conclusion either by Brewer or the magistrate that what had been observed was cocaine. It contains no description of the drugs or implements seen other than "a quantity of cocaine." Finally, there is no description of how the informant came by his or her information. At a minimum, a recitation of some of these underlying facts is necessary to satisfy the basis of knowledge prong. *See State v. Jackson, supra.*

Because the affidavit presented to the magistrate is insufficient to support a finding of probable cause, the warrant was improperly issued and the evidence obtained as a result of the search should have been suppressed.

Reversed.

PETRICH, A.C.J., and MORGAN, J., concur.