IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 33778-2-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| KEVIN RAY EDGAR, | ) | |
| | ) | |
| Appellant. | ) | |

LAWRENCE-BERREY, A.C.J. — Kevin Ray Edgar appeals his conviction for vehicular assault. He claims the trial court erred in concluding that the affidavit in support of a warrant sufficiently established the reliability of an unnamed witness. We affirm.

FACTS

On the evening of January 10, 2015, a witness reported seeing Kevin Ray Edgar driving between 80 and 90 m.p.h. in a 55 m.p.h. zone before being involved in a single car accident. The first police officer to arrive at the scene of the collision observed that Mr. Edgar's car left the roadway and landed on its passenger side. Mr. Edgar and the passenger were transported to a hospital.

Trooper Charles Ferrell, a drug recognition expert, contacted Mr. Edgar at the hospital. The trooper could smell an odor of intoxicants coming from Mr. Edgar. Mr. Edgar was uncooperative and belligerent with Trooper Ferrell. Trooper Ferrell compiled an affidavit in support of a warrant to obtain a blood sample from Mr. Edgar to test for evidence of intoxication. The affidavit provided in part:

> According to Trooper B. Pilkington #1202 who is at the scene of the collision, Mr. Edgar's vehicle left the roadway to the north where it drove up an embankment before becoming airborne. The vehicle rolled coming to rest on the north shoulder. The vehicle was on its passenger side facing east.
>
> Witness stopped at the scene and pulled both parties from the vehicle. Witness advised female passenger and male driver. Witness advised female passenger was yelling at male for driving too fast, being drunk and high, and almost killing her.
>
> Trooper Pilkington was the first Trooper to arrive on the scene and contacted Mr. Edgar and the passenger. Trooper Pilkington advised Mr. Edgar was belligerent and had an overwhelming odor of alcohol coming from his person. Trooper Pilkington advised Mr. Edgar's speech was slurred. Due to injuries, Trooper Pilkington was unable to perform any standardized field sobriety tests with Mr. Edgar.

Clerk's Papers at 22.

The trial court issued the warrant. Mr. Edgar filed a motion to suppress the blood test evidence, arguing the affidavit in support of the warrant failed to establish the reliability of the unnamed witness. The trial court denied the motion.

2

## ANALYSIS

When reviewing the denial of a motion to suppress, we determine whether substantial evidence supports the trial court's findings and, in turn, whether those findings support the conclusions of law. Mr. Edgar does not assign error to the trial court's findings, which we therefore treat as verities on appeal. *State v. Ross*, 141 Wn.2d 304, 309, 4 P.3d 130 (2000).

Probable cause to issue a warrant is established if the supporting affidavit sets forth "facts sufficient for a reasonable person to conclude the defendant probably is involved in criminal activity." *State v. Huft*, 106 Wn.2d 206, 209, 720 P.2d 838 (1986). The affidavit must be tested in a commonsense fashion rather than hypertechnically. *State v. Jackson*, 150 Wn.2d 251, 265, 76 P.3d 217 (2003). The existence of probable cause is a legal question that a reviewing court reviews de novo. *State v. Chamberlin*, 161 Wn.2d 30, 40, 162 P.3d 389 (2007). However, we afford great deference to the issuing magistrate's determination of probable cause. *State v. Cord*, 103 Wn.2d 361, 366, 693 P.2d 81 (1985).

We apply the two-pronged *Aguilar-Spinelli* test to assess the adequacy of a search warrant affidavit. *State v. Jackson*, 102 Wn.2d 432, 446, 688 P.2d 136 (1984); *Spinelli v. United States*, 393 U.S. 410, 415-16, 89 S. Ct. 584, 21 L. Ed. 2d 637 (1969); *Aguilar v.*

3

*Texas*, 378 U.S. 108, 114, 84 S. Ct. 1509, 12 L. Ed. 2d 723 (1964). Probable cause based on an informant's information requires that an affidavit establish both the informant's reliability and basis of knowledge. *Jackson*, 102 Wn.2d at 445; *State v. Smith*, 110 Wn.2d 658, 664, 756 P.2d 722 (1988). Where one or both of these factors is weak, independent police investigation can supply corroboration. *Jackson*, 102 Wn.2d at 445. An unnamed citizen informant is considered reliable if the record establishes that the information is credible and the informant is without motive to falsify. *State v. Cole*, 128 Wn.2d 262, 287-88, 906 P.2d 925 (1995).

Mr. Edgar argues that the superior court erred in determining that the affidavit provided sufficient facts to determine the reliability of the unnamed witness. We disagree.

When dealing with unnamed citizen informants, courts are concerned with whether the informant is an "anonymous troublemaker" or a helpful citizen who wishes to retain his or her privacy. *State v. Ibarra*, 61 Wn. App. 695, 699-700, 812 P.2d 114 (1991). To guard against anonymous troublemaking, the affiant must provide enough additional information to support an inference that the informant is telling the truth. *Id.* at 700.

4

Nothing in this case suggests anonymous troublemaking. Here, the record confirms that the unnamed witness was simply a concerned citizen with no motive to fabricate. The witness reported the collision to dispatch, remained at the scene, removed Mr. Edgar and the injured passenger from the cars, and stayed to provide a statement to law enforcement. Trooper Ferrell's failure to state the witness's name in the affidavit appears to be an oversight, rather than based on the witness's desire to remain anonymous. In fact, the trial court concluded that Trooper Ferrell's failure to name the witness in the affidavit did not render the witness anonymous because the witness was identified by law enforcement and present during Trooper Pilkington's investigation.

However, even if we depart from the trial court's analysis and treat the witness as anonymous, there was sufficient evidence in the affidavit to establish the witness's reliability. The citizen came forth voluntarily, received no benefit from providing information, and the police investigation corroborated the witness's information. Giving deference to the trial court's determination, the affidavit contains sufficient facts to support a reasonable inference that the witness was credible and without motive to falsify.

No. 33778-2-III
*State v. Edgar*

Affirmed.

A majority of the panel has determined this opinion will not be printed in the

Washington Appellate Reports, but it will be filed for public record pursuant to

RCW 2.06.040.

Lawrence-Berrey, A.C.J.

WE CONCUR:

Siddoway, J.

Pennell, J.

6