DETERMINED IN THE

# SUPREME COURT

OF

# WASHINGTON

[No. 15237.   Department One.   July 29, 1919.]

J. W. LINVILLE *et al., Appellants,* v. SIMON WIEDRICH *et al., Respondents.*[1]

VENDOR AND PURCHASER (44, 166)—AGREEMENTS FOR RESCISSION—RECOVERY OF PURCHASE MONEY—JUDGMENT—FINDINGS—SUFFICIENCY. Where purchasers were in arrears and could not pay and settled with the vendor by surrendering their rights and the premises and cancelled and destroyed the contract of purchase, they cannot recover sums they had paid on the purchase price.

SAME (172)—PLEADING (157)—STRIKING OUT IRRELEVANT MATTER. In an action to recover moneys paid on a land contract, pursuant to an alleged mutual cancellation when the purchasers were in arrears and unable to pay, allegations of fraud by the vendors inducing the sale are properly struck out as immaterial.

PLEADING (163)—ELECTION—INCONSISTENT DEFENSES. In an action to recover money paid on a land contract, pursuant to an alleged mutual cancellation, defenses of a surrender in consideration of a release, and that the sums paid and improvements made by the purchasers were not equal to the rental value and damages committed, are not inconsistent in the sense of requiring an election.

Appeal from a judgment of the superior court for Whitman county, McCroskey, J., entered July 2, 1918, upon findings in favor of the defendants, dismissing an action on contract, tried to the court. Affirmed.

*Benjamin F. Tweedy, Elmer E. Halsey,* and *Benson Wright,* for appellants.

*J. N. Pickrell,* for respondents.

[1]Reported in 182 Pac. 578.

TOLMAN, J.—Appellants, as plaintiffs below, brought this action, alleging that, on November 16, 1914, they entered into a contract with respondents, defendants below, by the terms of which they agreed to purchase, and respondents agreed to sell, certain real estate described in the complaint, consisting of 720 acres of land in Whitman county, the purchase price of which was $25,000, payable $3,000 cash, and the balance payable $2,200 annually, with interest at the rate of five per cent per annum on the whole sum unpaid; that a warranty deed was executed by respondents and by mutual agreement placed in escrow, with instructions to the escrow holder to deliver it to appellants when the purchase price was fully paid, and the appellants were let into immediate possession; that appellants made the cash payment of $3,000, paid $1,100 covering the first year's interest about December 1, 1915, and in the fall of 1916, paid $316 on account of interest; other small payments, mostly in the discharge of taxes upon the property, are alleged to have been made; and permanent improvements of the reasonable value of $2,000 are claimed to have been placed upon the premises by appellants. It is further alleged that, in January, 1917, there was a mutual agreement to abandon and rescind the contract of sale; that appellants should surrender possession of the property to respondents and relinquish all rights under the contract, "and the accounting, upon rescission, by the said contract of rescission, are left open to be settled by law." Paragraph seven of the complaint alleges that certain false and fraudulent representations were made by respondents which, being relied upon, induced appellants to enter into the original contract of purchase; and then follows an allegation that the amount due to appellants on rescission is $7,707, for which amount judgment is demanded.

On motion, paragraph seven of the complaint was stricken as being immaterial.

Two affirmative defenses were pleaded in the answer: First, that the contract of purchase contained the usual provisions as to forfeiture if the purchaser should make default, and that, on January 20,. 1917, appellants were in arrears two annual payments on account of principal and interest, the whole amounting to $6,700, and being so in arrears, gave notice that they were unable to pay, that they intended to abandon the land, and requested that they be released from their obligation to pay, and that the moneys paid' and improvements made be accepted by respondents as rental for the time they had been in possession, to which respondents agreed, and together they went to the escrow holder, withdrew the papers and destroyed the contract and deed, and that, subsequently, appellants 'surrendered the premises in accordance with such agreement. And second, that the alleged improvements were a damage to the premises in the sum of $750; that, through neglect to keep in repair fences, water ditches and mains, and failure to properly prune and irrigate the orchard thereon, the property was still further damaged in the sum of $2,500, and that the rental value, while appellants were in possession, was $6,000, which sums greatly exceed the amount paid by appellants under the contract; and the prayer of the answer was for a judgment of dismissal. After a trial to the court without a jury, findings of fact in harmony with respondents' first affirmative defense were made, judgment of dismissal was entered, and this appeal followed.

Appellants have brought no statement of facts to this court, and errors are assigned which raise only questions of pleading, and whether or not the findings of fact, supplemented by admissions in the answer,

support the judgment. The court having found that appellants were in arrears in their payments in the sum of $6,700, that they could not pay, and that they agreed with respondents to settle all matters.between them by surrendering their rights under the contract, cancelling and destroying it and surrendering the premises, it follows that no judgment for the sum which they had admittedly paid could be rendered in their favor, and the judgment which was rendered is the only one which could follow such a finding.

Equally without merit is the claim of error based on the striking of the allegations of fraud from the complaint. Appellants sought only to recover the amounts paid; and no matter what induced them to enter into the contract in the first instance, the question to be determined was only under what agreement, if any, the contract was cancelled or rescinded. In any event, the court having made a conclusive finding as to the terms of the agreement upon which the contract of purchase was cancelled, no proof of fraud in procuring the original contract of purchase could now alter the results. We think the affirmative answers each states a defense, and that they were not inconsistent with each other in the sense that would require an election as to which would be relied upon at the trial.

Finding no error in the record before us, the judgment appealed from is affirmed.

Holcomb, C. J., Main, Mitchell, and Mackintosh, JJ., concur.