[No. 35223.    Department One.    August 18, 1960.]

THE ABBOTT CORPORATION LIMITED, *Appellant*, v. CARL WARREN *et al., Respondents,* A. J. ABBOTT, *Appellant.*[1]

*Reseberg, Ingman, Duncan & Therriault,* for appellants.

*Riddell, Riddell & Williams,* for respondents.

MALLERY, J.—This was originally an action for the dissolution of a corporation and for an accounting.  The trial court found that there could be no accounting or dissolution because the transactions between the parties amounted to a sale by the corporation of the assets in question to the defendants for a price of thirty thousand dollars.  The assets consisted of war surplus diesel parts which the cor-

[1]Reported in 354 P. (2d) 926.

poration had purchased from the government. At the time of the first trial, it appeared that the defendants had only paid $23,500 of the purchase price. They justified their refusal to pay the balance by alleging the conversion of eight thousand dollars' worth of diesel parts which had been included in the sale. In a cross-complaint, defendants, accordingly, sought to recover fifteen hundred dollars, that amount being the difference between the value of the property converted ($8,000) and the balance due on the purchase agreement ($6,500).

The trial court dismissed the complaint on the ground that it sought only an accounting, and the cross-complaint on the ground that conversion had not been proved. Upon appeal, this court allowed the plaintiff to amend its complaint so as to seek recovery of the balance due under the sales agreement. *Abbott Corp., Ltd. v. Warren,* 53 Wn. (2d) 399, 333 P. (2d) 932. We there said:

"The proof has clearly raised the issue of an unpaid balance of sixty-five hundred dollars due the appellant from the sale of its interest in the joint venture. It is desirable that litigation be terminated in one action to avoid a multiplicity of suits. The granting of the trial amendment would avoid the necessity of the commencement of another action to determine this issue. The motion will therefore be granted and the cause remanded for the taking of further testimony on the question of the balance due the appellant under the sales agreement. The respondents likewise will be allowed to introduce any testimony relative to the value of the goods allegedly converted by the appellant and for which respondents may claim an offset against any amount owing appellant under the agreement."

Upon the remand, plaintiff filed an amended complaint, and the defendants' cross-complaint was, by stipulation, reinstated.

On the second trial the court found that property worth $8,500 had been converted, and that the balance owed on the sales agreement was $6,052.92. Judgment was thereupon entered for the defendants for $2,447.08, the

amount by which the conversion exceeded the balance due on the sales price.

The applicable rule of law is that the amount of a judgment may not exceed the amount prayed for in a complaint. *Olwell v. Nye & Nissen Co.,* 26 Wn. (2d) 282, 173 P. (2d) 652, 169 A. L. R. 139, and cases cited. Since the judgment for the defendants in this case exceeds the prayer of their cross-complaint, it must be reduced to fifteen hundred dollars.

The plaintiff and the additional defendant Abbott have appealed and urge that the value to be given to property converted is the value at the time and place of the conversion. With this we are in accord. *Watkins v. Siler Logging Co.,* 9 Wn. (2d) 703, 116 P. (2d) 315. They contend there was no competent evidence sufficient to support the trial court's valuation of the converted goods.

The appellants' principal expert witness, one Hatch, testified that the property was worth twenty-five hundred dollars in 1955 in Honolulu, the time and place of the conversion. The principal witness for the respondents was respondent Carl Warren. An examination of his testimony shows that his valuation was made as of the time and place of conversion. His testimony is replete with such phrases as "at that time," "in Honolulu," "we could have sold," the "market was," they "would have brought in," and the like.

The respondent Carl Warren was qualified to testify to the value of the property because he was an expert having engaged in the diesel parts business for some fourteen years and because he was the owner. *Weber v. West Seattle Land & Improvement Co.,* 188 Wash. 512, 63 P. (2d) 418.

Respondent Warren's testimony related to the value of the individual parts making up the total of goods converted. The number of such parts and the varying valuations placed on them makes it impossible to put an exact figure on his total valuation, but, nevertheless, we can say that his valuation was greatly in excess of that finally

found by the court. There was, thus, competent evidence sufficient to sustain the findings of the trial court as to the value of the goods at the time and place of the conversion.

The judgment of the trial court is reduced to fifteen hundred dollars, the amount prayed for in the cross-complaint, and is in all other respects affirmed. The respondents shall recover their costs.

WEAVER, C. J., DONWORTH, OTT, and HUNTER, JJ., concur.

October 6, 1960. Petition for rehearing denied.