422

THE STATE OF WASHINGTON, *Respondent*, v. GERALD E. MILLER, *Appellant*.

*Young & Hoff* and *Victor V. Hoff*, for appellant (appointed counsel for appeal).

*Christopher T. Bayley, Prosecuting Attorney*, and *Christopher J. Bell, Deputy*, for respondent.

SWANSON, J.—Gerald Esmond Miller was arrested near the Liberty Coin Shop by the Seattle police as a suspect in the then recent burglary of the Rare Coin Galleries because, on several occasions including that immediately prior to his arrest, a person identified as the defendant had sold to the Liberty Coin Shop rare coins believed to have been taken in the burglary. A search of the defendant produced $12.50 in Canadian coins, including one 1902 Ca-

nadian 50-cent piece[1] believed to have been taken in the
burglary. A subsequent search of defendant's residence re-
vealed an attaché case in the basement containing several
coins, wrappers and other items, some with markings of the
Rare Coin Galleries. Miller was charged and convicted of
grand larceny by means of receiving and concealing stolen
property worth at least $75. Defendant Miller appeals.

Appellant Miller's first two assignments of error focus on
one issue: the trial court's conclusion that Miller's state-
ment about the location of the rest of the coins taken in the
burglary was voluntary and thus admissible into evidence.
Appellant argues that his statement should have been ex-
cluded from evidence because it was extracted from him by
various promises and an assurance in writing that it would
not be used against him in a court of law. The trial court
found, after holding a hearing pursuant to CrR 101.20W,
that Miller had been released on bail and had conversed
with his attorney before giving the statement. From such a
finding, the trial court concluded that his statement was
given freely and voluntarily. A careful review of the record
reveals no reason to disagree with the trial court's conclu-
sion.

Appellant next assigns error to the court's instruc-
tion 11[2] which presented defendant's statement for consid-
eration by the jury. He argues that the instruction allowed
the jury to consider the statement as long as the statement
was not caused by duress or fear produced by threats,

---

[1]The Rare Coin Galleries had paid $70 for the 1902 Canadian
50-cent piece taken in the burglary, but the book value was $60, and
the fair market value was estimated at trial to be from $100 to $125.

[2]"Statements made by a defendant charged with crime, when such
statements are not caused by duress or fear produced by threats, are to
be considered by you in connection with all the other evidence in the
case in determining the guilt or innocence of the accused, and their
weight as evidence, like that of any other fact, is to be determined by
you alone. If you find that any such statements have been made in this
case, you have a right, in weighing such testimony, to consider all the
facts and circumstances connected therewith which may throw any
light upon or aid you in weighing such testimony." Court's instruction
11.

whereas the jury should also have been instructed to disregard the statement if it was produced by promises. While we do not wish to give specific approval to instruction 11, we cannot say that it was prejudicial to appellant. The last sentence of instruction 11 told the jury "to consider all the facts and circumstances connected therewith which may throw any light upon or aid you in weighing such testimony." Thus, when considering the instruction as a whole, appellant was free to argue adequately and fully to the jury that the statement should not be given any weight because it was induced by promises.

■ Appellant Miller next asserts that the following testimony of Detective Smith was improper:

Q Did you then have any further contact with the defendant, Mr. Miller, that day? A Yes, later that evening after we had conducted the search and had the coins identified and conducted our inventory I talked to Mr. Miller in the city jail. Q Did you inform him of what you had found at his home? A Yes. I told him that we obtained a search warrant for his home and that we had found the attache case in his basement with the contents, the coins and other wrappers from Rare Coin Galleries. Q Now based upon your conversation with him that evening—did you advise him of his constitutional rights? A Yes, he was advised as I say on the street and he was advised that afternoon. Q Was he advised that evening? A Yes, he was advised of his rights. I didn't advise him but I asked him if he understood his rights and he stated he did. Q Was any statement made by Mr. Miller at that time? A Not right at that moment, no.

Miller argues that the detective should not have been allowed to testify that he, appellant Miller, remained silent in the face of an accusatory statement, because he was under no duty to speak. However, the line of questioning was concerned with whether or not Miller had been advised of his constitutional rights, and in particular his right to remain silent. Testimony given in these circumstances, where the appellant remained silent after having been advised that he had a right to do so, is not prejudicial.

■ Appellant Miller's last assignment of error concerns

the failure to instruct the jury on the lesser, but included, crime of petit larceny. He argues, and we believe correctly, that the jury could have found that he was guilty of receiving and concealing, between November 15, 1969, and January 21, 1970, stolen property worth less than $75. The police had obtained evidence that the appellant had possession of rare coins by way of several independent incidents—namely, coins sold to the Liberty Coin Shop, the coins found on appellant's person when he was arrested, the coins found in the basement of appellant's house, and appellant's statement that he had sold a large quantity of coins in San Francisco. But, because each uncovering of rare coins was a separate incident in which the appellant could be said to have possessed knowingly stolen rare coins, any of which the jury could have disbelieved, the value of the allegedly stolen coins in each uncovering must have been at least $75 in order for the jury to be instructed only as to grand larceny.

> [W]hen the evidence will support a conviction of either grand larceny or of petit larceny, the jury must be instructed as to both offenses, and as to the importance of determining the value of articles taken in reaching a conclusion as to the grade of the offense.

(Footnotes omitted.) 50 Am. Jur. 2d *Larceny* § 174 (1970). *See State v. Stationak*, 73 Wn.2d 647, 440 P.2d 457 (1968); *State v. Louther*, 22 Wn.2d 497, 156 P.2d 672 (1945). The jury could have believed that appellant Miller received and concealed only the coins found on his person when arrested, and that the least value of those stolen coins, supported by substantial credible evidence, could be found to be less than $75,[3] the statutory minimum necessary to find one guilty of grand larceny.[4] Thus, the jury could have found the appellant guilty of petit larceny; yet, it was not instructed on the lesser offense. The failure to so instruct

---

[3]See n.1. The book value of $60, plus the $12 in other change for which no value was assigned other than its denominational value, totals only $72.

[4]RCW 9.54.090(6).

426

on the lesser included offense of petit larceny is error, requiring a new trial.

The judgment is reversed and the action remanded for a new trial.

FARRIS, A.C.J., and JAMES, J., concur.