[No. 4807–1–III.   Division Three.   April 28, 1983.]

THE STATE OF WASHINGTON, *Respondent*, v. SHAWN
KEVIN RILEY, *Appellant*.

530

*Richard C. Agman,* for appellant.

*Donald C. Brockett, Prosecuting Attorney,* and *Clark Colwell, Deputy,* for respondent.

McINTURFF, J.—Shawn Riley appeals his conviction of first degree possession of stolen property. We reverse and remand for a new trial.

On April 14, 1981, sheriff's detectives contacted Mr. Riley at his residence and asked him whether he or anyone else had a computer system. Mr. Riley answered "No." A search warrant was served and a computer system was located in a locked bedroom. At trial, the system was identified as the one stolen during a January 1981 burglary of a local high school.

Mr. Riley contended from the time of his arrest that he had purchased the system in Seattle for $980 from Joey Koffman. Although he was unable to find his receipt at the time of his arrest, the receipt was offered at trial by Mr. Riley's mother who found it after the arrest while cleaning his house.

The affidavit in support of the search warrant provides:

> Circumstances supporting probable cause: On March 24, 1981, Thomas L. Smith, 09/25/61, indicated to Detective Bruce Mathews and your affiant that Shawn K. Riley was in possession of a stolen computer, but that he did

not know its current location. Your affiant then located a second degree burglary report occurring at Jantsch High School, North 1617 Calispel, Spokane, Washington, in which a[n] Apple Computer consisting of the computer, an Apple printer, Apple disc drive, an Apple card reader, and a Sanyo TV monitor were taken, and the reported value of these items is $4,054.00. A David G. Fox, 12/13/53, indicated to your affiant that he had been in the residence of Shawn Riley, located at 6917 North Atlantic on several occasions and that Shawn Riley has shown him a computer consisting of an Apple computer, an Apple printer, an Apple disc drive and an Apple card reader and a Sanyo TV monitor, and that David Fox has a computer of his own and is familiar with computers and that Shawn Riley indicated to David Fox that he did not have an owner's manual for the computer and wanted David Fox to instruct him on its use. David Fox indicated to your affiant that he last observed the computer in Shawn Riley's residence, North 6917 Atlantic, on April 10, 1981.

■ Mr. Riley contends the affidavit fails to establish probable cause. In determining whether probable cause exists, a magistrate is entitled to draw reasonable inferences from the facts and circumstances set forth in the supporting affidavit. *State v. Maffeo,* 31 Wn. App. 198, 200, 642 P.2d 404 (1982). The question of whether probable cause justifies the issuance of a search warrant should not be viewed in a hypertechnical manner. *State v. Partin,* 88 Wn.2d 899, 904, 567 P.2d 1136 (1977); *State v. Matlock,* 27 Wn. App. 152, 155, 616 P.2d 684 (1980). Reasonableness is the key and common sense must be the ultimate yardstick. *State v. Patterson,* 83 Wn.2d 49, 52, 515 P.2d 496 (1973). Considering all the facts and circumstances sworn to by the person seeking the warrant, the magistrate must have good reason to believe criminal activity occurred. *State v. Smith,* 93 Wn.2d 329, 352, 610 P.2d 869 (1980).

■ The State must satisfy a 2–pronged test to obtain a search warrant. *Aguilar v. Texas,* 378 U.S. 108, 12 L. Ed. 2d 723, 84 S. Ct. 1509 (1964); *Spinelli v. United States,* 393 U.S. 410, 21 L. Ed. 2d 637, 89 S. Ct. 584 (1969); *State v.*

*Fisher,* 96 Wn.2d 962, 965, 639 P.2d 743 (1982).

Under the first prong, facts must be revealed which permit a magistrate to decide whether the informant has a basis for his allegation that a certain person has committed a crime. *State v. Lair,* 95 Wn.2d 706, 709, 630 P.2d 427 (1981); *State v. Partin, supra* at 903; *State v. Huff,* 33 Wn. App. 304, 307, 654 P.2d 1211 (1982).

The present affidavit relies on information supplied by Thomas Smith, David Fox and Detective Silver, the affiant. Although Mr. Smith states that Mr. Riley possessed a stolen computer, there are no facts indicating how he obtained this information. Next, the affidavit states that Mr. Fox had been in Mr. Riley's residence, that he had seen a computer system, that Mr. Riley did not have an owner's manual, and that Mr. Riley wanted Mr. Fox to instruct him on its use. Furthermore, Detective Silver states he located a burglary report wherein a computer system was taken. A magistrate could reasonably infer from these facts that there was a sufficient basis to support the allegation that Mr. Riley possessed stolen property. Thus, the affidavit satisfies the first prong of the *Aguilar–Spinelli* test.

Under the second prong, sufficient facts must be presented for the issuing magistrate to determine either the inherent credibility or reliability of the informant. *State v. Fisher, supra* at 965; *State v. Huff, supra* at 307. The affiant must give the underlying facts or circumstances by which he concluded the informant was credible or his information reliable. *State v. Partin, supra* at 903; *State v. Walcott,* 72 Wn.2d 959, 963, 435 P.2d 994 (1967). This showing of reliability is necessary to allow the magistrate to make an independent determination of the informant's credibility. *State v. Fisher, supra* at 965; *State v. Huff, supra* at 307.

■ Our courts have drawn a distinction between "professional" and "citizen" informants and relaxed the necessary showing of reliability as to the latter. *State v. Northness,* 20 Wn. App. 551, 556–57, 582 P.2d 546 (1978); *State v. Chatmon,* 9 Wn. App. 741, 746, 515 P.2d 530

(1973); *State v. Singleton,* 9 Wn. App. 327, 334, 511 P.2d 1396 (1973); *see also State v. Hett,* 31 Wn. App. 849, 644 P.2d 1187 (1982); J. Cook, *Constitutional Rights of the Accused; Pretrial Rights* § 37 (1972). Three grounds have been advanced in support of this lesser burden:

> (1) the report of an identified nonprofessional informant who is a victim or eyewitness of a crime substantially minimizes the danger of casual rumor or irresponsible conjecture which accompanies the report of an anonymous professional informant. . . . (2) an identified citizen informant's report does not raise the spectre of the "anonymous troublemaker" which is always present in unidentified citizen informant situations, . . . (3) an identified citizen informant's report is less likely to be colored by self–interest.

*State v. Northness, supra* at 557.

Although the necessary showing of a citizen informant's reliability has been relaxed, it remains necessary for the police to ascertain some information which would reasonably support an inference that the informant is telling the truth. *State v. Chatmon, supra* at 776; *State v. Singleton, supra* at 334. Because a citizen who is an eyewitness or a victim lacks the opportunity to establish a record of previous reliability, *State v. Northness, supra* at 556, evidence of past reliability is no longer required in the case of a citizen informant. *United States v. Harris,* 403 U.S. 573, 29 L. Ed. 2d 723, 91 S. Ct. 2075 (1971); *State v. Northness, supra* at 556; *State v. Chatmon, supra* at 746.

In the present case, the affiant relied on information from two named citizen informants, Mr. Smith and Mr. Fox. Mr. Riley contends that the underlying facts concerning Mr. Smith were not presented to the magistrate because he had a long history of criminal activity and was in jail for first degree theft. The fact that an identified eyewitness informant may also be under suspicion does not vitiate the inference of reliability raised by the detailed nature of the information and the disclosure of the informant's identity. *State v. Northness, supra* at 558; *United States v. Banks,* 539 F.2d 14 (9th Cir. 1976). The information supplied by

Mr. Smith was conclusory and failed to contain any information to support an inference that he was telling the truth. Had the police relied entirely on Mr. Smith's information, they would have failed to satisfy the veracity prong of the *Aguilar–Spinelli* test. *See State v. Chatmon, supra.* However, our review is of the entire affidavit which includes additional corroborating information provided by the affiant and Mr. Fox.

The affiant testified that upon receiving Mr. Smith's tip he located a burglary report which detailed the theft of a 5–component computer system taken from a local high school. Also, Mr. Fox, a named citizen informant, informed the affiant that he had been in Mr. Riley's residence and specifically identified the computer system observed there.

> When the informant is an ordinary citizen, as opposed to the criminal or professional informant, and his identity is revealed to the issuing magistrate, intrinsic indicia of the informant's reliability may be found in his detailed description of the underlying circumstances of the crime observed or about which he had knowledge. If the underlying circumstances are sufficiently detailed to satisfy the first prong of *Aguilar–Spinelli*, they may themselves provide "built in credibility guides to the informant's reliability," thus fulfilling the second prong as well. The detailed information encompassed in the affidavit's "internal content" attests to the informant's reliability by its very specificity; no independent corroboration is required.

(Citations omitted.) *State v. Northness, supra* at 557.

We hold that the information supplied by the two citizen informants and the affiant was sufficient to satisfy the veracity prong of the *Aguilar–Spinelli* test. Thus, the affidavit was intrinsically reliable and a reasonable inference could be drawn from it to establish probable cause.

■ Mr. Riley further contends the affidavit is stale because it fails to state when Mr. Riley was in possession of the stolen computer. The test for staleness of information in a search warrant affidavit is common sense. *Huff,* at 307; *State v. Worland,* 20 Wn. App. 559, 582 P.2d 539 (1978).

The affidavit specifically states Mr. Fox viewed the computer at Mr. Riley's residence on April 10, 1981, 4 days prior to the execution of the search warrant. The information was not stale.

Next, Mr. Riley contends the trial court erred in not instructing the jury on the lesser included offense of second degree possession of stolen property. We agree.

A defendant is entitled to an instruction on a lesser included offense if two conditions are met: (1) each of the elements of the lesser offense must be a necessary element of the offense charged; (2) the evidence in the case must support an inference that the lesser crime was committed. *State v. Workman,* 90 Wn.2d 443, 447–48, 584 P.2d 382 (1978).

The crime of possessing stolen property in the first degree requires proof the defendant knowingly possessed stolen property in excess of $1,500 in value. RCW 9A.56-.140, .150. The crime of possessing stolen property in the second degree requires proof the defendant knowingly possessed stolen property in excess of $250 and not in excess of $1,500. RCW 9A.56.160. The first condition of *Workman* is satisfied.

The second condition requires evidence to support an inference the lesser crime was committed. In other words, there must have been evidence presented that Mr. Riley possessed stolen property in excess of $250 and not in excess of $1,500. This condition was satisfied when Mr. Riley personally testified the value of the computer system was $1,000. This evidence is competent for two reasons. First, Mr. Riley's theory of the case was that the computer had been purchased for $980 from Joey Koffman in Seattle. In a criminal case, the market value of an item is proved in the same manner as a civil case. *State v. Clark,* 13 Wn. App. 782, 787, 537 P.2d 820 (1975). Under Mr. Riley's theory, he was the owner of the computer system. Because an owner is entitled to express an opinion as to the value of his property, Mr. Riley was entitled to present his valuation figure to the jury. *Abbott Corp. v. Warren,* 56 Wn.2d 606,

608, 354 P.2d 926 (1960). Second, the prosecutor did not object to defense counsel's question which elicited Mr. Riley's valuation nor did he request an instruction which could have limited the jury's use of the testimony. This failure to object or to request an instruction waived any error resulting from the allegedly improper testimony. *State v. James,* 63 Wn.2d 71, 77, 385 P.2d 558 (1963).

Mr. Riley's testimony was sufficient to require the giving of the lesser included offense instruction on possession of stolen property in the second degree. *State v. Miller,* 5 Wn. App. 422, 425–26, 487 P.2d 640 (1971). The failure to so instruct is error, requiring a new trial.[1]

The judgment of the Superior Court is reversed; the case is remanded for a new trial.

ROE, C.J., concurs.

GREEN, J. (dissenting)—I respectfully dissent. The jury did not believe the defendant's claim he had purchased the computer equipment in Seattle. Consequently, it did not find him to be the owner. His uncorroborated statement as of value based on what he said he paid for it, which the jury disbelieved, should not be sufficient to justify a retrial. In the circumstances of this case, I would not find reversible error in refusing to give the lesser included offense instruction.

---

[1]In light of our disposition, we need not address the remaining issues.