[No. 14476-3-III.    Division Three.    April 22, 1997.]

THE STATE OF WASHINGTON, *Respondent*, v.
LYNDA C. JONES, *Petitioner*.

KURTZ, J., dissents by separate opinion.

*Gregory Smith, Aaron G. Walls*, and *Law Offices of Scot D. Stuart*, for petitioner.

*Richard L. Weber, Prosecuting Attorney*, and *David G. Vorhaus, Deputy*, for respondent.

SWEENEY, C.J. — ▇ Even absent the Fourth Amendment requirement of probable cause, police may briefly detain and question a citizen. *See generally Terry v. Ohio*, 392 U.S. 1, 30, 88 S. Ct. 1868, 20 L. Ed. 2d 889 (1968). They must have, however, "a well founded suspicion based on objective facts that he [or she] is connected to actual or potential criminal activity." *State v. Sieler*, 95 Wn.2d 43,

46, 621 P.2d 1272 (1980); *see State v. Glover*, 116 Wn.2d 509, 513-14, 806 P.2d 760 (1991). "An informant's tip cannot constitutionally provide police with such a suspicion unless it possesses sufficient 'indicia of reliability.'" *Sieler*, 95 Wn.2d at 47.

Officer Clark Kraemer stopped Lynda Jones based on hand signals from a passing truck driver. He did not know the truck driver. A company name was printed, however, on the side of the truck. The question here is whether a company name on the side of a truck satisfies the "indicia of reliability" required of a citizen informant. *Id.* at 47-48. It does not. And we reverse.

## FACTS

On October 19, 1993, Officer Kraemer was parked on the side of a road. A driver of a passing truck indicated with hand signals that the car in front of him was weaving on the road. Officer Kraemer immediately pulled in behind the car and followed. The car did not weave or move erratically. Officer Kraemer stopped it anyway because it was approaching an intersection with pedestrian traffic. The driver of the car, Ms. Jones, agreed to perform field sobriety tests. She failed those tests. Officer Kraemer arrested Ms. Jones.

The State charged Ms. Jones with driving while intoxicated. Ms. Jones moved to dismiss the charge because the stop was improper. The district court denied her motion and convicted her of driving while intoxicated. The superior court affirmed. A commissioner of this court denied a motion for discretionary review. We granted Ms. Jones's motion to modify the commissioner's ruling. RAP 17.7.

## DISCUSSION

"Indicia of reliability" requires: (1) knowledge that the source of the information is reliable, and (2) a sufficient

factual basis for the informant's tip or corroboration by independent police observation. *Sieler*, 95 Wn.2d at 47-49; *Campbell v. Department of Licensing*, 31 Wn. App. 833, 835, 644 P.2d 1219 (1982). While the requirement of establishing the reliability of a "citizen" informer has been relaxed, "some such showing is nonetheless necessary." *State v. Chatmon*, 9 Wn. App. 741, 746, 515 P.2d 530 (1973); *State v. Riley*, 34 Wn. App. 529, 533, 663 P.2d 145 (1983).

In *Sieler*, an unknown, but named, informant called a police dispatcher and said that he watched a possible drug transaction take place in a car in a high school parking lot. *Sieler*, 95 Wn.2d at 44. The police did not corroborate the informant's tip, but conducted an investigatory stop anyway. The court held that the information was unreliable. "The reliability of an anonymous telephone informant is not significantly different from the reliability of a named but unknown telephone informant." *Id.* at 48.

■ The only basis for establishing the reliability of the informant here was a company name on the side of the truck. A name written on the side of a truck, without more, is not qualitatively different from an anonymous but named telephone caller. To establish the reliability of the source, more information is required. *See generally State v. Garcia*, 125 Wn.2d 239, 241-43, 883 P.2d 1369 (1994) (finding reliability of informant because the citizen was known by officers and had previously given information resulting in an arrest); *State v. Wakeley*, 29 Wn. App. 238, 241, 628 P.2d 835 (finding reliability of informant because informant provided name, address, telephone number and other background information), *review denied*, 95 Wn.2d 1032 (1981); *Riley*, 34 Wn. App. at 534 (reliability of named informant not established without additional information).

The State relies on *State v. Anderson*, 51 Wn. App. 775, 755 P.2d 191 (1988). Its reliance is misplaced. There the defendant did not challenge the reliability of the source. She challenged instead the factual basis for the tip. *Id.* at 777.

This court, in *Anderson*, acknowledged that the tip came from a juvenile probation and parole officer known to the arresting trooper: "the report came from an identified citizen informant, [and] Trooper Lothrop properly concluded the source of his information was reliable." *Id.* at 778. In contrast, the informant here was not known to the arresting officer nor was the tip corroborated. *Sieler*, 95 Wn.2d at 48-49.

The dissent relies on two Washington cases; neither are applicable here. In *State v. Lesnick*, 84 Wn.2d 940, 530 P.2d 243 (1975), the State appealed a Court of Appeals decision reversing the trial court's refusal to suppress evidence of gambling devices. The Supreme Court affirmed the Court of Appeals. Both the holding and the rationale support our holding today:

> The fact that the anonymous tipster accurately described the defendant's vehicle is not such corroboration or indicia of reliability as to make reasonable the officers' action [stopping the vehicle]. This is the direct holding of *Whiteley v. Warden*, 401 U.S. 560, 28 L. Ed. 2d 306, 91 S. Ct. 1031 (1971). Nor is the fact that contraband was discovered after the stop constitutionally sufficient. A seizure is not justified by what a subsequent search discloses.

*Id.* at 943-44. The dissent also cites *State v. Ortiz*, 52 Wn. App. 523, 762 P.2d 12 (1988). *Ortiz* is distinguishable on its facts. There, the defendant was charged with and convicted of third degree assault after he kicked a police officer in the face. The officer had been called to the scene of a barroom brawl. The court noted:

> In determining the lawfulness of the detention, the jury here had to consider the surrounding circumstances and the facts known to all of the officers, including the officers' prior knowledge of a fight, observation of a minor injury, and the fact that a suspect, pointed out by an apparent eyewitness, was in the process of leaving the tavern.

*Id.* at 529-30. In *Ortiz*, there were more than ample objective facts of a barroom fight and a possible stabbing by a

small knife. When coupled with a tavern patron pointing out a possible suspect, the facts amply supported a reasonable suspicion of criminal activity. And although it is not discussed in the *Ortiz* opinion, a kick in the face is more than adequate cause to arrest for third degree assault, regardless of the grounds for the initial detention. *See State v. Mierz*, 127 Wn.2d 460, 475, 901 P.2d 286 (1995).

Finally, the dissent cites a Tennessee Court of Criminal Appeals case. As both the majority and dissenting opinions demonstrate, there is ample authority in Washington to resolve the question before us.

We reverse the district court and remand for dismissal of the charge against Ms. Jones.

SCHULTHEIS, J., concurs.

KURTZ, J. (dissenting) — Officer Clark Kraemer's actions were appropriate. He had a tip that a possible drunk driver was approaching an intersection with busy pedestrian traffic. In light of those circumstances, he stopped the driver. The applicable legal principle is aptly stated in *State v. Lesnick*, 84 Wn.2d 940, 944, 530 P.2d 243 (1975):

> [N]o single rule can be fashioned to meet every conceivable confrontation between the police and citizen. Evaluating the reasonableness of the police action and the extent of the intrusion, each case must be considered in light of the particular circumstances facing the law enforcement officer.

The majority relies upon *Sieler*, but the facts of this case are closer to the facts in *Anderson*. *State v. Sieler*, 95 Wn.2d 43, 621 P.2d 1272 (1980); *State v. Anderson*, 51 Wn. App. 775, 755 P.2d 191 (1988). Although the police officer did not personally know the truck driver, he saw the name of the truck owner painted on the truck's side, understood he was a witness to the weaving, and recognized the driver for what he was: a citizen rendering a public service. Under the circumstances, investigation of the informant's reliability was impractical. His reliability inhered in the

very nature of the information conveyed and the surrounding circumstances. When an average citizen who witnesses possible criminal behavior relays that observation to the police, the police should be permitted to assume they are dealing with a credible person who is communicating a reliable observation. *State v. Ortiz*, 52 Wn. App. 523, 527-28, 762 P.2d 12 (1988).

In *Ortiz*, a police officer, investigating a fight at a bar, saw a patron point to a woman and say she had just pulled a knife on someone. The officer stopped the woman and an altercation occurred. The court found the officer made a valid investigatory stop of the woman based on the "citizen" informant's tip because the required showing of reliability is relaxed in situations involving "citizens" rather than professional informants. The court stated:

> Veracity analysis is of diminished importance because the witness-victim, unlike the typical informant, has but one opportunity to supply information to the police and thus lacks a "track record." Nor is corroboration of information supplied by a witness-victim always essential. Such an informant, absent circumstances to the contrary, is generally presumed to be reliable.

*Ortiz*, 52 Wn. App. at 527-28 (citations omitted). In addition, a witness-victim, as in the instant case, often provides information under circumstances in which an investigation of the informant's reliability is impracticable:

> Frequently, police officers, upon arriving at the scene of a crime, are hurriedly given valuable information by an eyewitness. Based upon this information, hot pursuit results. Later, when the officers return to the scene, the eyewitness who gave the information may have long since departed. To require in these tumultuous circumstances that the officers stop and ascertain the name, address, and full identification of the informant is totally unreasonable. To do so would frequently negate the value of the information imparted to the officers.

*State v. Williams*, 638 S.W.2d 417, 420 (Tenn. Crim. App.

804

1982). When evaluating the reasonableness of police action and the extent of the intrusion, each case must be considered in light of the particular circumstances facing the law enforcement officer. Viewed under the totality of the circumstances, Officer Kraemer's actions were appropriate. I would affirm the trial court's denial of the motion to dismiss.

Review denied at 133 Wn.2d 1012 (1997).