IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No. 36703-7-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| ANTONIO MARCELL MITCHELL, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |

SIDDOWAY, J. — The test for staleness of information to establish probable cause for arrest is one of common sense. *State v. Perea*, 85 Wn. App. 339, 343, 932 P.2d 1258 (1997). At issue in this case is whether an officer's information that Antonio Mitchell was subject to an active Department of Corrections (DOC) warrant on the evening of December 4, 2018, required confirmation before an arrest the following evening, in which he was found to possess methamphetamine. We hold that it was not stale and affirm Mr. Mitchell's conviction for possession of a controlled substance.

FACTS AND PROCEDURAL BACKGROUND

On December 5, 2018, a woman called 911 for assistance because a man named Antonio would not leave her home. Officer Christopher Conrath was one of three officers who responded. He suspected that the interloper might be Antonio Mitchell, who

he had been looking for the prior evening because there was an active DOC warrant for his arrest. Upon arriving at the complainant's apartment, the officers determined that the interloper was Mr. Mitchell and arrested him. In a search incident to arrest, an officer discovered a small amount of methamphetamine in one of Mr. Mitchell's pockets. Mr. Mitchell was charged with possession of a controlled substance (methamphetamine).

Defense counsel obtained body camera videos and dispatch recordings, from which he determined that before arresting Mr. Mitchell, the responding officers had asked dispatch to confirm that the DOC warrant was outstanding. He concluded they did not receive confirmation until about a minute after they had arrested him and searched his person. Mr. Mitchell moved to suppress the methamphetamine on the basis that the search was unlawful because the arrest was unlawful. He contended that the confirmation of an active warrant that the officers had sought was required to be obtained before they could make a lawful arrest.

The evidence presented at the suppression hearing consisted of a recording of the officers' phone calls with dispatch on the evening of the arrest, Officer Conrath's body camera footage, and transcripts of both. After hearing the argument of counsel and reviewing the recordings, the trial court orally denied the suppression motion, observing that "the time between confirming the warrant the night prior and then contacting Mr. Mitchell was minimal." Report of Proceedings (RP) at 20. Written findings and conclusions were later entered.

2

Mr. Mitchell was found guilty following a stipulated facts trial. He appeals.

ANALYSIS

Mr. Mitchell argued in the trial court that without confirming the existence of an active warrant, law enforcement did not have probable cause to arrest him and the methamphetamine found in the search incident to the unlawful arrest should have been suppressed. He relies on the Washington Constitution's requirement that incursions on a person's private affairs be supported by "authority of law." WASH. CONST. art. I, § 7. Mr. Mitchell does not challenge the trial court's findings of fact, which are verities for purposes of this appeal. *State v. Hill*, 123 Wn.2d 641, 644, 870 P.2d 313 (1994). We review the trial court's legal conclusions de novo. *State v. Johnson*, 128 Wn.2d 431, 443, 909 P.2d 293 (1996).

On appeal, Mr. Mitchell argues in part that the trial court lacked evidence of the trustworthiness of the information Officer Conrath obtained about the arrest warrant on *December 4*, the night before his arrest. The lack of evidence is understandable given the narrow focus of Mr. Mitchell's motion. Mr. Mitchell relied solely on body camera and dispatch evidence from the night of the arrest because the basis for his suppression motion was that the officers were required to confirm the existence of an active warrant at that time. Since a possible shortcoming in the information obtained by Officer Conrath on December 4 was never raised as a basis for suppression, we will not consider that argument for the first time on appeal. *See* RAP 2.5(a).

The sole issue raised by Mr. Mitchell's suppression motion was one of staleness—whether day-old information that an arrest warrant was outstanding could be relied on without confirming that the warrant remained active. As defense counsel argued to the trial court, Officer Conrath

> might have ran his name the previous evening but he hadn't in the interim. You know, a DOC warrant could be resolved a number of different ways. Mr. Mitchell could have contacted his DOC officer in the interim and—and been released. I mean, we simply don't know that. We don't have those facts.

RP at 13.

A search of the arrestee's person incident to arrest is one of the few carefully drawn and jealously guarded exceptions to article I, section 7's warrant requirement. *State v. Brock*, 184 Wn.2d 148, 153, 355 P.3d 1118 (2015). However, only a *lawful* arrest provides authority to search incident to arrest. *State v. O'Neill*, 148 Wn.2d 564, 585, 62 P.3d 489 (2003). The lawfulness of an arrest depends on the existence of probable cause. *State v. Moore*, 161 Wn.2d 880, 885, 169 P.3d 469 (2007). "Probable cause exists when the arresting officer is aware of facts and circumstances, based on reasonably trustworthy information, sufficient to cause a reasonable officer to believe that a suspect has committed or is committing a crime." *State v. Afana*, 169 Wn.2d 169, 182, 233 P.3d 879 (2010).

The "fellow officer" rule would allow Officer Conrath to rely on DOC information that an arrest warrant had been issued for Mr. Mitchell. *See State v. O'Cain*, 108 Wn.

App. 542, 550-53, 31 P.3d 733 (2001). If the reliability of *DOC's* information was challenged, Officer Conrath's good faith would not relieve the State of its burden to prove that DOC had sufficient information of a valid arrest warrant and thereby probable cause, *see id.*, but that was not the nature of Mr. Mitchell's challenge.

The test for staleness of information to establish probable cause is one of common sense. *Perea*, 85 Wn. App. at 343. *Perea* involved an officer's arrest of a defendant for driving on a suspended license based on week-old information. The defendant argued that because it was possible for driving privileges to be reinstated within a week, arresting him without a current records-check was unlawful. *Id.* This court rejected that argument, holding that "if the facts indicate information is recent and contemporaneous, then it is not 'stale,'" and "week-old information was recent enough." *Id. Perea* relied on analogous case law addressing whether information in a search warrant affidavit is stale. *E.g.*, *State v. Riley*, 34 Wn. App. 529, 534, 663 P.2d 145 (1983). In that context, our Supreme Court has held that the "totality of circumstances" is considered. *State v. Maddox*, 152 Wn.2d 499, 506, 98 P.3d 1199 (2004).

As the trial court noted, a warrant could be quashed within an hour, but we would not expect an arresting officer to have to re-check DOC information that had been retrieved an hour earlier. Officer Conrath's day-old information that a DOC warrant had been issued for Mr. Mitchell's arrest was sufficient to cause a reasonable officer to believe it remained active. It was recent enough.

No. 36703-7-III
*State v. Mitchell*


Affirmed.

A majority of the panel has determined this opinion will not be printed in the

Washington Appellate Reports, but it will be filed for public record pursuant to RCW

2.06.040.

_____
Siddoway, J.

WE CONCUR:

_____
Fearing, J.

_____
Pennell, C.J.