IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION ONE

| | |
|---|---|
| STATE OF WASHINGTON, | No. 86575-7-I |
| Respondent, | |
| v. | ORDER GRANTING MOTION FOR CLARIFICATION, WITHDRAWING OPINION, AND SUBSTITUTING OPINION |
| JARED MICHAEL BUTCHER, | |
| Appellant. | |

Respondent State of Washington moved for clarification of the unpublished opinion filed on September 2, 2025. Upon review, the Court acknowledges that the opinion contains a scrivener's error in the following sentence: "The court concluded RAP 12.8 did not entitle Butcher to a refund for restitution, even though the initial order granting restitution was reversed and remanded, because the clerk's office, prosecutor's office, or the court had been unjustly enriched." The Court has determined to accurately reflect the Court's decision, the sentence should read, ". . . because the clerk's office, prosecutor's office, or the court had *not* been unjustly enriched." Therefore, the court has determined Respondent's motion for clarification should be granted, the opinion should be withdrawn, and a substitute opinion be filed.

Now, therefore, it is hereby

ORDERED that the Respondents' motion for clarification is granted; and it is further

No. 86575-7-I/2

ORDERED that the unpublished opinion filed on September 2, 2025, is withdrawn; and it is further

ORDERED that a substitute unpublished opinion be filed.

_____ Smith, C.J.

_____, ACJ  _____

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| STATE OF WASHINGTON, | No. 86575-7-I |
| Respondent, | DIVISION ONE |
| v. | |
| JARED MICHAEL BUTCHER, | UNPUBLISHED OPINION |
| Appellant. | |

SMITH, J. — In early 2016, Jared Butcher pleaded guilty to domestic violence assault in the fourth degree. The plea agreement reserved the determination of restitution for a future hearing. In October 2016, the trial court ordered Butcher to pay $45,456.04 in restitution. Butcher appealed and this court reversed and remanded, ordering an evidentiary hearing on the causal connection between the conviction and amount of restitution ordered. No hearing was held and restitution continued to be collected as originally ordered.

In 2023, Butcher moved to request refund payments with interest under RAP 12.8. The court denied the motion, concluding the principle under RAP 12.8 of unjust enrichment which allows restitution in appropriate circumstances did not entitle Butcher to a refund. Butcher appealed, arguing the trial court abused its discretion when it denied his motion for restitution under RAP 12.8 and violated his right to due process. Because the court did not abuse its discretion when it

denied Butcher restitution, nor were Butcher's due process rights violated, we affirm.

FACTS

Background

In July 2015, the State charged Jared Butcher with assault in the second degree stemming from an altercation between Butcher and his former wife, Terri Abbey.[1] In King County Superior Court, Butcher pleaded guilty to the lesser offense of assault in the fourth degree. Butcher's judgment and sentence included an order of restitution, which the court noted would be determined at a later hearing.

The court held a restitution hearing in July 2016, and ordered Butcher to pay $45,546.04 in restitution, including $13,656.61 to Abbey, $9,758.21 to the Crime Victim Compensation Program, and $22,131.22 to Abbey's medical insurer. At the hearing, Butcher argued the State failed to establish a causal connection between the amount sought and the crime for which he was convicted. The court issued an order directing the State to provide a declaration from Abbey addressing her medical services and associated costs. After Abbey submitted her declaration, the court held another restitution hearing. Butcher again claimed the State failed to establish a nexus between the restitution

---

[1] The facts concerning Butcher's initial appeal come from this court's unpublished opinion in *State v. Butcher*, No. 75973-6-I, (Wash. Ct. App. April 30, 2018) (unpublished), https://www.courts.wa.gov/opinions/pdf/759736.pdf.

amount and the crime committed. The court rejected this argument and ordered Butcher to pay the full amount of restitution.

Butcher appealed, asserting the court deprived him of his due process rights by relying on Abbey's declaration and not affording him an evidentiary hearing. This court held that the trial court abused its discretion when it denied Butcher the opportunity for an evidentiary hearing and relied solely on Abbey's declaration to establish the amount of restitution. The appellate court reversed the restitution order and remanded for an evidentiary hearing. The mandate specified, "The sentencing court or criminal presiding judge is to place this matter on the next available motion calendar for action consistent with the opinion." An evidentiary hearing was never held.

Butcher continued to pay restitution through 2018, and in early 2019, Butcher stopped making payments. After Butcher stopped making payments, the King County Superior Court clerk's office contacted Butcher's employer and began garnishing his wages to fulfill the restitution payments. In July 2023, Butcher retained new counsel and moved for refund of restitution payments. At a hearing in February 2024, the court reserved ruling on whether Butcher was entitled to a refund, but ordered the clerk's office to release any of Butcher's funds in its possession and cease the garnishment of his wages.

In March 2024, the trial court held a hearing concerning Butcher's request for a refund of his restitution payments. The court concluded RAP 12.8 did not entitle Butcher to a refund for restitution, even though the initial order granting

restitution was reversed and remanded, because the clerk's office, prosecutor's office, or the court had not been unjustly enriched. Butcher appeals.

ANALYSIS

RAP 12.8

Butcher contends the trial court erred when it denied his reimbursement request under RAP 12.8. Because RAP 12.8 is not applicable to Butcher's case and, even if it were, it was not an abuse of discretion for the court to deny his request for reimbursement of restitution, we affirm.

This court reviews an award under RAP 12.8 for abuse of discretion. *Arzola v. Name Intel., Inc.*, 188 Wn. App. 588, 592, 355 P.3d 286 (2015). A court abuses its discretion when its actions are "exercised in a manifestly unreasonable manner or on untenable grounds." *Arzola*, 188 Wn. App. at 592. An appellate court will not find an abuse of discretion simply because it would have come to a different conclusion. *L.M. v. Hamilton*, 193 Wn.2d 113, 134, 436 P.3d 803 (2019).

"Restitution under RAP 12.8 is an equitable remedy and 'trial courts have broad discretionary power to fashion equitable remedies.' " *Ehsani v. McCullough Fam. P'ship*, 160 Wn.2d 586, 589, 159 P.3d 407 (2007) (quoting *Sac Downtown Ltd. P'ship v. Kahn*, 123 Wn.2d 197, 204, 867 P.2d 605 (1994)). Under RAP 12.8,

> [i]f a party has voluntarily or involuntarily partially or wholly satisfied a trial court decision which is modified by the appellate court, the trial court shall enter orders and authorize the issuance of process appropriate to restore to the party any property taken from that party, the value of the property, or in appropriate

4

circumstances, provide restitution. An interest in property acquired by a purchaser in good faith, under a decision subsequently reversed or modified, shall not be affected by the reversal or modification of that decision.

The plain language of RAP 12.8 is ambiguous because it allows restitution in "appropriate circumstances," but neither the rule nor related statutes defines appropriate circumstances. *State v. Hecht*, 2 Wn. App. 2d 359, 366-67, 409 P.3d 1146 (2018). Because of its ambiguity, interpreting RAP 12.8 requires judicial construction. *Ehsani*, 160 Wn.2d at 590. The Washington Supreme Court has noted, "the historical background of RAP 12.8 indicates that the purpose of the 'in appropriate circumstances, provide restitution' language is to encourage both practitioners and courts to look to the common law of restitution in applying or construing RAP 12.8." *Ehsani*, 160 Wn.2d at 591(quoting RAP 12.8). To determine common law principles of restitution applicable to RAP 12.8, we look to the *Restatement of Restitution*. *State v. A.N.W. Seed Corp.*, 116 Wn.2d 39, 45, 802 P.2d 1353 (1991).

*Restatement of Restitution* § 74 (Am. L. Inst. 1937) provides,

A person who has conferred a benefit upon another in compliance with a judgment, or whose property has been taken thereunder, is entitled to restitution if the judgment is reversed or set aside, unless restitution would be inequitable or the parties contract that payment is to be final; if the judgment is modified, there is a right to restitution of the excess.

An exception to this rule is where "restitution would not serve the purpose of remedying unjust enrichment." *Ehsani*, 160 Wn.2d at 592.

1.  Modification

The State asserts in its response brief that RAP 12.8 does not apply to Butcher's circumstances because a reversal and remand from the appellate court does not "modify" the trial court's decision. In reply, Butcher contends reversing and remanding an order fundamentally alters the lower court's decision.[2] We agree with the State.

We review issues of statutory interpretation de novo. *Crossroads Mgmt., LLC v. Ridgway*, 2 Wn.3d 528, 538, 540 P.3d 82 (2023). When interpreting a statute, our primary objective is to "ascertain and carry out the Legislature's intent." *Dep't of Ecology v. Campbell & Gwinn, LLC*, 146 Wn.2d 1, 9-10, 43 P.3d 4 (2002). If a statute is clear on its face, we must give effect to that plain meaning. *State v. Keller*, 2 Wn.3d 887, 910, 545 P.3d 790 (2024). But, if a statute is ambiguous, we " 'may resort to statutory construction, legislative history, and relevant case law for assistance in discerning legislative intent.' " *Jametsky v. Olsen*, 179 Wn.2d 756, 762, 317 P.3d 1003 (2014) (quoting *Christensen v. Ellsworth*, 162 Wn.2d 365, 373, 173 P.3d 228 (2007)). Words are given their ordinary meaning, and "[w]henever possible, statutes are to be construed so 'no clause, sentence or word shall be superfluous, void, or insignificant.' " *HomeStreet, Inc. v. Dep't of Revenue*, 166 Wn.2d 444, 451-52, 210 P.3d 297 (2009) (quoting *Kasper v. City of Edmonds*, 69 Wn.2d 799, 804,

---

[2] The trial court noted in its ruling that Butcher's judgment and sentence was not overturned; rather, only the amount of restitution was reversed by the Court of Appeals.

420 P.2d 346 (1966)).  It is well established that when distinct words are used in a statute, those terms are accorded their own meaning.  *State v. Roggenkamp*, 153 Wn.2d 614, 624, 106 P.3d 196 (2005).

"Modification" is not defined by RAP 12.8, therefore, this court must interpret the rule and ascertain the legislature's intent when it crafted the rule.  First, we look to the plain language of the words used.  *Black's Law Dictionary* defines "modify" as, "[t]o make somewhat different; to make small changes to (something) by way of improvement, suitability, or effectiveness."  *Black's Law Dictionary* 1200 (12th ed. 2024).  "Reverse" is defined as, "[t]o overturn (a judgment or ruling), esp[ecially] on appeal."  *Black's Law Dictionary* 1580 (12th ed. 2024).

Here, Butcher contends a decision reversing and remanding a restitution order is subsumed within the meaning of the term "modify" because a reversal nullifies, therefore fundamentally altering, the underlying order.  But concluding an appellate court modifies a judgment every time it reverses an order is too broad.  While some reversals may be modifications, not all reversals necessarily modify a judgment.  To be considered a modification, the appellate court must make a change to the order.  This change can be made by the court itself or remanded for the trial court to implement.  *Compare In re Marriage of Mason*, 48 Wn. App 688, 740 P.2d 356 (1987) (citing *In re Marriage of Mason*, 40 Wn. App. 450, 698 P.2d 1104 (1985) (noting it had vacated an award of attorney fees), *with Boone v. Drown*, 195 Wn. App. 74, 380 P.3d 573 (2016) (reversing a judgment of

restitution and remanding to the trial court to enter judgment for the other party). When a court reverses and remands for further proceedings, any changes to the order are left to the discretion of the trial court—the appellate court does not modify the order. In fact, the trial court was not prohibited from entering the same judgment amount after considering the evidence presented at the evidentiary hearing on remand. And RAP 12.8 is clear that it applies only to trial court decisions modified by the appellate court.

Butcher relies on *Mason* to contend this court has already stated a reversal is a modification, but, Butcher misreads our ruling in *Mason*. In *Mason,* this court reversed a trial court decision and vacated an award of attorney fees. 48 Wn. App. at 690. By vacating the award of attorney fees, this court necessarily made a change (i.e., modified) the judgment. But in Butcher's case, we reversed the judgment and remanded for the trial court to conduct further proceedings. Accordingly, this court did not modify Butcher's order. Any modifications to Butcher's judgment would have been made subsequently by the trial court.[3]

Butcher also claims a reading of "modify" to include reversal is consistent with other portions of the RAPs. Butcher uses RAP 17.7 as an example and cites to *In re Pers. Restraint of Gronquist*, 179 Wn.2d 120, 312 P.3d 648 (2013) and *State v. Jones*, 85 Wn. App. 797, 934 P.2d 1224 (1997), to support his

---

[3] Alternatively, the trial court could have entered a judgment for the same exact amount of restitution, thereby not making any modifications to the judgment.

contention. But RAP 17.7 and these cases are consistent with a definition of "modification" that does not necessary include reversal.

RAP 17.7 allows an aggrieved party to file a motion to modify a commissioner's or clerk's ruling. In both *Gronquist* and *Jones*, the appellate court granted a party's motion to modify. In *Gronquist*, the appellate court granted a motion to modify the clerk's ruling and vacated an award of costs. 179 Wn.2d at 121. In that case, the appellate court made the final decision of vacating the award—the appellate court made the change itself and did not remand for further proceedings. In *Jones*, the appellate court reversed and remanded for the trial court to dismiss the charges against Jones. 85 Wn. App. at 802. The appellate court communicated to the trial court what action to take (dismissal), thereby leaving the trial court with no discretion. Unlike Butcher's situation, where the appellate court remanded for further proceedings, in each of these cases, the appellate court made the modification—whether directly or indirectly—and left no discretion for the trial court to make further changes to the order.

Contrary to Butcher's contention that a reading of the RAPs provides support for the notion that the term "modify" encompasses all forms of reversal, the language of RAP 12.8, as well as other RAPs, make clear "modify" and "reverse" are not the same. RAP 12.8 uses both the words "modif[y]" and "reverse[]" to refer to actions of a court. If a reversal was always subsumed within the meaning of "modification," it would be superfluous to use both words.

9

It must be presumed these words have different meanings. *See Roggenkamp*, 153 Wn.2d at 624. Similarly, under RAP 12.2, "The appellate court may reverse, affirm, or modify the decision being reviewed." Again, "modify" and "reverse" are separate actions contemplated by the RAPs.

Additionally, *Restatement* § 74 makes a distinction between the appropriate relief for a party when a judgment is reversed or set aside versus modified. The *Restatement* notes a party is "entitled to restitution if the judgment is reversed or set aside," but goes on to state "if the judgment is modified, there is a right to restitution of the excess." *Restatement* § 74. The *Restatement*'s distinction between appropriate relief for a reversal versus a modification provides further support that the two actions are not the same.

Because an appellate court's decision to reverse and remand is not a "modification" as contemplated by RAP 12.8, the rule is not applicable to Butcher's circumstances. Accordingly, we affirm.[4]

---

[4] Butcher also makes several claims of abuse of discretion. We need not address these claims because we affirm on other grounds, but we will briefly address Butcher's claim that the trial court abused its discretion when it concluded it could only provide restitution to Butcher under RAP 12.8 if the clerk's office was unjustly enriched. Butcher contends RAP 12.8 does not contemplate unjust enrichment and should not have been considered. But, while RAP 12.8 does not explicitly discuss unjust enrichment, both the Washington Supreme Court and this court have reiterated that in identifying appropriate circumstances to award restitution, we "look to the common law of restitution as set forth in the *Restatement of Restitution*." *Arzola,* 188 Wn. App. at 593; s*ee also, Ehsani*, 160 Wn.2d at 591-92.

Due Process

Butcher claims his due process rights were violated when the trial court denied his RAP 12.8 motion. Because RAP 12.8 only contemplates restitution in appropriate circumstances, which do not apply to Butcher, no due process violation occurred.

Under the due process clause of the Fourteenth Amendment, no state shall "deprive any person of life, liberty or property, without due process of law."[5] U.S. CONST. amend. XIV, § 1. "To comport with due process, a State may not impose anything more than minimal procedures on the refund of exactions dependent upon a conviction subsequently invalidated." *Nelson v. Colorado*, 581 U.S. 128, 139, 137 S. Ct. 1249, 197 L. Ed. 2d 611 (2017). When a criminal conviction is overturned, the defendant is entitled to a refund of fees, court costs, and restitution paid to the State. *Hecht*, 2 Wn. App. 2d. at 368.

Butcher contends the court deprived him of property and required him to file a civil action to obtain a refund, thereby imposing more than "minimal procedures" and violating his due process rights. He relies mainly on *Nelson* to support his claim, but *Nelson* can be distinguished. In *Nelson*, Shannon Nelson's and Louis Alonzo Madden's (petitioners) convictions were invalidated.[6] 581 U.S. at 131. Petitioners moved for return of the funds (costs, fees, restitution) they

---

[5] The Washington State Constitution has a near identical due process provision as the federal constitution: "No person shall be deprived of life, liberty, or property, without due process of law." CONST. art. 1, § 3.

[6] Nelson's conviction was reversed and on retrial, she was acquitted of all charges. *Nelson*, 581 U.S. at 131. Madden had two convictions—one was reversed and the other was vacated. *Id.*

had paid to the state pursuant to their convictions. *Id.* at 132. On appeal, the Colorado Supreme Court reversed the lower court's ruling that the petitioners were entitled to a refund, stating, "[A] court must have statutory authority to authorize a refund from public funds, and it did not in this case." *People v. Nelson,* 2015 CO 68, 362 P.3d 1070, 1077, rev'd and remanded sub nom. *Nelson*, 581 U.S. 128. The court also noted no due process violation occurred because the petitioners could seek a refund under the Exoneration Act.[7] *Nelson*, 362 P.3d at 1077.

The U.S. Supreme Court reversed, noting it violated due process to require an exonerated individual to prove actual innocence to receive a refund of monies paid in satisfaction of a judgment. *Nelson*, 581 U.S. at 134. The Supreme Court's *Matthews v. Eldridge*[8] analysis concerned "the continuing deprivation of property after a conviction has been reversed or vacated, with no prospect of reprosecution." *Nelson*, 581 U.S. at 135.

Here, Butcher's underlying conviction was not reversed and the original judgment and sentence contemplating restitution remained in force; therefore, he cannot liken his situation to that in *Nelson*, where the petitioners were presumed innocent.[9] Butcher was also afforded due process. The court contemplated a

---

[7] The Exoneration Act, C.R.S.A. § 13-65-101-103 (2015), provides a claim for relief " 'to compensate an innocent person who was wrongly convicted.' " *Nelson*, 581 U.S. at 133 (quoting *Nelson*, 362 P.3d at 1075).

[8] 424 U.S. 319, 96 S. Ct. 893, 47 L. Ed. 2d. 18 (1976).

[9] For the same reason, Butcher's reliance on *State v. Bianchi*, No. 5135839 (Wash. Ct. App. Dec. 17, 2024) (unpublished), https://www.courts.wa.gov/opinions/pdf/D2%2058958-3-II%20Unpublished%20Opinion.pdf, is inapplicable.

refund under RAP 12.8, but found restitution was not appropriate in Butcher's circumstances because the clerk's office was not unjustly enriched. And Butcher is not without procedure to provide redress. Butcher may bring a civil action against the clerk's office or a claim against the parties who ultimately received the money he paid.

Because Butcher's underlying conviction was not overturned, *Nelson* is not applicable. Additionally, Butcher has procedures available to him which would allow him to seek recovery. Accordingly, no due process violation occurred.

We affirm.

WE CONCUR: